ROBERT A. DOLINKO (State Bar No. 076256)
radolinko@thelen.com
CHRIS BAKER (State Bar No. 181557)
cbaker@thelen.com
THELEN REID BROWN RAYSMAN & STEINER LLP
101 Second Street, Suite 1800
San Francisco, CA 94105
Telephone:  (415) 371-1200
Facsimile:   (415) 371-1211

Attorneys for Defendant
THE HERTZ CORPORATION

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HIGAREDA, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>THE HERTZ CORPORATION, a Delaware Corporation,<br><br>Defendant. | Case No. C 07 5268 HRL<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1332(d) AND 28 U.S.C. § 1441(a)** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF ROBERT HIGAREDA AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant The Hertz Corporation ("Defendant" or "Hertz") files this Notice of Removal. The above-entitled case is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d) and is one that may be properly removed to this Court pursuant to 28 U.S.C.

1 | § 1441. In compliance with 28 U.S.C. § 1446(a), Hertz asserts the following grounds for removal:

1. On or about September 10, 2007, Plaintiff Robert Higareda ("Plaintiff") commenced the aforementioned action against Hertz by filing a Complaint in the Superior Court of the State of California, County of Santa Clara, entitled *Robert Higareda, et al. v. The Hertz Corporation,* Case No. 107 CV 093870 (hereinafter the "State Court Action").

2. True and correct copies of Plaintiff's Summons and Class Action Complaint, along with the papers which accompanied the Complaint, are attached as Exhibit A hereto.

3. Hertz initially received the Summons and Complaint by personal service on its agent on September 17, 2007.

4. On October 16, 2007, Hertz filed in the State Court its Answer to the Complaint, as required by the Cal. Code of Civil Procedure. A true and correct copy of the Answer is attached hereto as Exhibit B and is incorporated herein by this reference as if set forth in full.

5. Defendant has not filed, served or received any papers or pleadings in the State Court Action other than those attached hereto as Exhibits A and B.

6. This Notice is timely filed in that it is filed within thirty days of service of the Summons and Complaint on Hertz, the only defendant named in the lawsuit. *See* 28 U.S.C. § 1446(b)

7. This action is removable under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), *et seq.* The CAFA provides that the district courts "shall have original jurisdiction" over "a class action in which any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). The Class Action Complaint states that the nature of the action is "a class action" brought by Plaintiff Robert Higareda. Compl. *passim*. Plaintiff is a citizen of the State of California.

8. Hertz is a Delaware corporation with its corporate headquarters and principal place of business in the State of New Jersey. Hertz was not and is not a citizen of the State of California (as discussed more fully below). Thus, Plaintiff is a "citizen of a State different from" Hertz under the CAFA. 28 U.S.C. § 1332(d)(2)(A). See Declaration of Krista Memmelaar filed herewith.

9. The CAFA requires that the putative class must have 100 or more class members for the district court to exercise jurisdiction. 28 U.S.C. § 1332(d)(5)(B). In part, Plaintiff seeks to represent a class of all Station Managers and Senior Station Managers (now called Location Managers 1 and 2) in California who purportedly are misclassified as exempt employees over a period of four years prior to the filing of the action (See Compl., ¶ 6).

10. More than 300 individuals (inclusive of current and former employees) have worked for Hertz as Station Managers and Senior Station Managers in California between September 6, 2003 and September 6, 2007 (a period for which such data has been run which is not materially different than the four year period ending September 10, 2007; hereinafter the "alleged class period"), the approximate four year period immediately preceding the date the Complaint was filed. Memmelaar Decl. at ¶ 15. Thus, there are far more than the minimum 100 putative class members required by the CAFA for federal jurisdiction. 28 U.S.C. § 1332(d)(5)(B).

11. The CAFA further requires that, for the district court to exercise jurisdiction, the matter in controversy must "exceed[] the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). When determining the amount in controversy, "the claims of the class members shall be aggregated." 28 U.S.C. § 1332(d)(6).

12. Plaintiff, on behalf of the putative classes, alleges he and the class are entitled to recover (among other things): (1) unpaid wages; (2) restitution; (3) penalties pursuant to the California Labor Code (4) attorneys' fees; and (5)

injunctive relief. Compl., ¶¶ 23, 28-29; Prayer for Relief. The value of each of these items is to be included in the amount in controversy in the State Court Action under the CAFA. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005) (punitive damages); *Yeroushalmi v. Blockbuster, Inc.*, 2005 WL 2083008, at *4-5 (C.D. Cal. July 11, 2005) (compensatory damages, punitive damages, attorneys' fees, and injunctive relief); *Berry v. American Express Publ'g Corp.*, 381 F. Supp. 2d 1118, 1123-1124 (C.D.Cal. 2005) (injunctive relief); *Rippee v. Boston Market Corp.*, 2005 U.S. Dist. LEXIS 39478, at *8 (S.D.Cal. Oct. 14, 2005) (Labor Code penalties).

13. Hertz denies that Plaintiff and the classes he purports to represent are entitled to any recovery in this action, and by filing this Notice of Removal, Hertz does not waive any defenses that may otherwise be available to it. Without waiving this position, and in light of the allegations of Plaintiff's Complaint, Hertz' base potential liability is as follows with respect to Plaintiff's cause of action for unpaid overtime alone: For the alleged failure to pay overtime to the putative class members (at 10 overtime hours per week as alleged by Plaintiff at Complaint, ¶ 18), the potential liability during the alleged class period is approximately $7,622,458. See Memmelaar Decl. ¶ 18. This amount does not include Plaintiff's claims for missed meal period or rest periods, attorneys fees; the value of injunctive relief, and other damages sought—all of which are required to be included in determining the amount in controversy under the CAFA, and all of which potentially and collectively total in the hundreds of thousands of dollars. The amount in dispute certainly exceeds the $5,000,000.00 threshold required under the CAFA.

14. Hertz does business and operates rental facilities in 44 of the 50 states. See Memmelaar Decl. at ¶ 3.

15. The great majority of the employees (roughly 80 percent) that work for Hertz are employed outside the State of California. As of June 30, 2007, Hertz employed approximately 11,230 in the United States. Only approximately 2,299

(or 20.5% of this national total) of this total were employed within the State of California. The next largest states in terms of Hertz employees were: Florida 1,602 (14.3%); Texas 858 (7.6%); Illinois 543 (4.8%); and New York 614 (5.5%). See Memmelaar Decl. at ¶ 7.

16. The great majority (more than 80 percent) of Hertz locations or facilities (i.e., tangible property) are located outside the State of California. As of June 30, 2007, Hertz had approximately 1.606 on-airport and off-airport profit-center rental locations in the U.S. Of those 1.606 locations, approximately 273 were within the State of California. Thus, if "tangible property" is considered to be leased real estate, only about 17.0 percent of Hertz' tangible property is located within California. The next largest states in terms of Hertz profit-center rental locations as of June 30, 2007, the end of the most recent quarter for which Hertz has such information, were: Florida 155 (9.7%); Texas 123 (7.7%); Illinois 83 (5.2%); and New York 83 (5.2%). See Memmelaar Decl., ¶ 6.

17. The great majority of the revenue earned by Hertz is earned outside the State of California. In 2006, the last full year for which such data is available, only about 18.6 percent of the total annual revenue earned by Hertz operations was earned in the State of California. The State of Florida was next and it was responsible for approximately 11.6 percent of Hertz' total 2006 revenue. See Memmelaar Decl., ¶ 8.

18. The sales of Hertz are in the form of vehicle rentals. The great majority of rentals take place outside of the State of California. In 2006, the last full year for which such data is available, more than 80 percent of Hertz' rental activity occurred outside the State of California. California was first with approximately 18.2 percent of the activity, and Florida was second with approximately 10.7 percent of the activity. See Memmelaar Decl., ¶ 9.

19. There is no single state where a majority of Hertz Local Edition's business activities take place. Those business activities are instead spread among a

wide variety of states. See Memmelaar Decl., ¶ 10. The corporate headquarters for The Hertz Corporation, where much of the overall corporate strategy is developed, is in the State of New Jersey. See Memmelaar Decl. at ¶ 1, 11. A substantial predominance of Hertz' activities do not take place in California. Hence, under the applicable "nerve center" test for determining a corporation's principal place of business, Hertz' principal place of business is the State of New Jersey – and not the State of California. The great majority of Hertz' activities take place outside the State of California.

20. Defendant Hertz asks that the Court take judicial notice of the U.S. Bureau of the Census population figures for 2005 (est.) for the entire country and these same states. The 2005 population figures are as follows: United States 296,410,404; California 36,132,147 (12.2%); Florida 17,789,864 (6.0%); Texas 22,859,968 (7.7%); Illinois 12,763,371 (4.3%); and New York 19,254,630 (6.5%).

21. Based upon all the foregoing, The Hertz Corporation is not a citizen of the State of California, it is not a "citizen of the State in which the action was originally filed" and therefore the exceptions to removal under the CAFA set forth in 29 U.S.C. §§1332(d)(4)(B) and 1332(d)(3) are inapplicable.

For all of the foregoing reasons, Hertz respectfully submits that the State Court Action is removable to this Court under 28 U.S.C. §§ 1332(d) and 1441(b).

WHEREFORE, Defendant The Hertz Corporation prays that this action stand and remain removed from the Superior Court to this Court.

Dated: October 16, 2007

THELEN REID BROWN RAYSMAN & STEINER LLP

By: *Robert A. Dolinko*
Robert A. Dolinko
Attorneys for Defendant
THE HERTZ CORPORATION