# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
THE HERTZ CORPORATION, a Delaware Corporation

ENDORSED FILED

2007 SEP 10 P 12: 05

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):*
ROBERT HIGAREDA, on behalf of himself and all others similarly situated,

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

CASE NUMBER: 107CV093370
*(Número del Caso):*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SANTA CLARA COUNTY SUPERIOR COURT
191 N. First Street
San Jose, CA 95113

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Andrew J. Ogilvie   SBN 57932   415-861-2265   415-861-3151
Kemnitzer Anderson Barron Ogilvie & Brewer LLP
445 Bush Street, Sixth Floor
San Francisco, CA 94108

DATE: SEP 1 0 2007   Kiri Torre   Clerk, by _____, Deputy
*(Fecha)*                *(Secretario)*                *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* The Hertz Corporation, a Delaware Corporation

   under: ☒ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 9-17-07

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

Legal Solutions Plus

ENDORSED
FILED

2007 SEP 10  P 12: 05

1  ANDREW J. OGILVIE (SBN 57932)
   KEMNITZER, ANDERSON, BARRON,
2     OGILVIE & BREWER LLP
3  445 Bush Street, Sixth Floor
   San Francisco, California 94108
4  Tel: 415/861-2265
   Fax: 415/861-3151
5
6  ROBERT J. STEIN III (CA SBN 212495), *of Counsel*
   DIVINCENZO SCHOENFIELD SWARTZMAN
7  33 N. LaSalle Street, 29th Floor
   Chicago, IL 60602
8  Telephone: (312) 943-8068
9  Facsimile: (312) 577-0964

10 STEPHEN T. RODD
   STEPHANIE AMIN-GIWNER
11 ORIN KURTZ
12 ABBEY SPANIER RODD & ABRAMS, LLP
   212 East 39th Street
13 New York, New York 10016
   Telephone:  (212) 889-3700
14 Facsimile:   (212) 684-5191

15
   Attorneys for Robert Higareda and the putative class
16
                SUPERIOR COURT OF CALIFORNIA
17
                    COUNTY OF SANTA CLARA
18
                    UNLIMITED JURISDICTION
19

20 ROBERT HIGAREDA, on behalf of himself     CASE NO: 107CV-093870
   and all others similarly situated,
21
                                             CLASS ACTION COMPLAINT:
22              Plaintiff,
                                             1. FAILURE TO PAY OVERTIME
23         v.                                   COMPENSATION (CAL. LABOR
                                                CODE §§510, 1194 AND 1194.5)
24 THE HERTZ CORPORATION, a Delaware
25 Corporation,                              2. FAILURE TO PROVIDE MEAL AND
                Defendant.                      REST PERIODS (CAL. LABOR CODE
26                                              §§512 and 226.7)

27                                           DEMAND FOR JURY TRIAL
28

*Higareda v. The Hertz Corporation*, Santa Clara County Superior Court
Class Action Complaint                                                    Page 1

Plaintiff Robert Higareda ("Higareda" or "Plaintiff"), by and through his attorneys, on behalf of himself and all others similarly situated, alleges upon information and belief, except as to the allegations that pertain to himself and his counsel, which are based upon personal knowledge, as follows:

## NATURE OF THE ACTION

1. This is a class action brought against The Hertz Corporation ("Hertz") on behalf of all Location Managers (as that term is defined herein) employed by Hertz at its rental locations in California. This action alleges that Hertz failed to pay overtime wages and provide rest and meal breaks to its Location Managers in violation of California labor law and regulations.

## JURISDICTION AND VENUE

2. Venue is proper in this county under Business and Professions Code §17203 and Code of Civil Procedure §§395(a) and 395.5. Defendant transacts business and may be found within Santa Clara County. Many of the acts, as well as the course of conduct charged herein, occurred in Santa Clara County.

3. Defendant is within the jurisdiction of this Court. Hertz does tens of millions of dollars of business in the State of California and operates several rental car locations in Santa Clara County. Thus, Defendant has obtained the benefits of the laws of the State of California and the California rental car and labor markets.

## PARTIES

4. Plaintiff Robert Higareda is, and at all relevant times was, a competent adult residing in San Jose, California. Higareda commenced employment with Hertz as a Location Manager at the San Jose International Airport location in February 2002. Plaintiff was on leave from his employment at Hertz, in order to serve in the military, from October 2003 through July

2006. Upon return from his service in the military in September 2006, Plaintiff resumed his employment at Hertz as a Location Manager at the San Jose Airport location.

5. Defendant Hertz is a corporation organized and existing under the laws of the State of Delaware, with its corporate headquarters located at 225 Brae Boulevard, Park Ridge, New Jersey. Hertz rents and leases cars and light trucks, and operates its car rental business through on-airport and other locations (some of which are called "Hertz Local Editions" ("HLE")) throughout the United States, including the State of California. Defendant is, and at all relevant times was, doing business throughout the State of California, including Santa Clara County.

## CLASS ACTION ALLEGATIONS

6. Plaintiff brings this case as a class action pursuant to California Code of Civil Procedure §382 on behalf of a Class consisting of:

> all current and former employees of Hertz who have worked as "Location Managers"[1] at any Hertz location in the State of California from August 1, 1998 through the date of the entry of an order certifying a the class (the "Class Period").

7. The Class is so numerous that joinder of all members is impracticable. As set forth above, Hertz operates numerous rental car locations throughout the State of California. The exact number of Class members is unknown at this time and can only be ascertained from Hertz's records, but it is believed to be at least hundreds of persons.

8. Plaintiff's claims are typical of the claims of the other members of the Class, as Plaintiff and all other members of the Class sustained damages arising out of defendant's conduct in violation of the California labor laws as complained of herein.

---

[1] During the Class Period, Hertz changed the title of the position formerly known as "Station Manager" to Location Manager. As used in this Complaint, the term "Location Manager" includes "Senior Station Manager," Station Manager," and "Station Manager-B."

9. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in complex class action litigation. Plaintiff has no interests that are contrary to or in conflict with those of the other members of the Class.

10. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class are:

   a) Whether California Labor Law Section 510 was violated by Defendants' acts as alleged herein;

   b) Whether California Labor Law Section 512 was violated by Defendants' acts as alleged herein;

   c) Whether California Labor Law Section 552 was violated by Defendant's acts as alleged herein;

   d) Whether Defendant illegally classified Plaintiff and the other Class members as exempt management; and

   e) Whether Plaintiff and the members of the Class have sustained damages and, if so, the proper measure of such damages.

11. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

12. Defendant has acted on grounds generally applicable to the entire Class, thereby making final relief appropriate with respect to the Class as a whole. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying

adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for Defendant.

13. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impractical. Further, the amounts at stake for many of the Class members, while substantial, are not great enough to enable them to maintain separate suits against Defendant.

14. Without a class action, Defendant will likely retain the benefit of its wrongdoing and will continue a course of action, which will result in further damages to Plaintiff and the Class. Plaintiff envisions no difficulty in the management of this action as a class action.

## FACTUAL ALLEGATIONS

15. During the Class Period, Hertz employed numerous individuals, including Plaintiff, to work as Location Managers in its rental car locations throughout the State of California, including but not limited to, Santa Clara County. Plaintiff is informed and believes, and based thereon alleges, that Hertz has a corporate policy under which it automatically classifies all Location Managers as "exempt" from the overtime pay requirements of California labor law and regulations. However, Location Managers do not meet the exemption requirements under California law for such exempt status.

16. Location Managers routinely work more than eight hours per and more than forty hours per work week. In addition, Location Managers are often required to work more than six days in seven.

17. Defendant has not paid the Location Managers overtime wages during the Class Period.

18. Plaintiff Higareda regularly works a minimum of ten hours a day without any meal breaks, contrary to California law. At times, Plaintiff works six days consecutively without a day off. Higareda is aware of other Location Managers who have worked eight and nine days consecutively without a day off.

19. During the Class Period, Plaintiff Higareda routinely spent over fifty percent of his working hours performing the duties delegated to non-exempt (hourly) employees, including, but not limited to, renting cars, running keys, keying vehicles into ASAP for renting, running contracts and cleaning and moving cars.

20. Plaintiff Higareda does not exercise discretion and independent judgment on matters of significance. Plaintiff Higareda and the other Class members lack the authority to hire, fire, promote, demote and set and adjust the salaries of other Hertz employees.

21. Defendant denies Plaintiff and the other Class members meal and rest breaks and other incidents and conditions of employment in California, which are required for non-exempt employees pursuant to California labor law and regulations.

22. During the Class Period, Defendant wrongfully withheld from Plaintiff and the other Class members and failed to pay to them wages and compensation which was due to them for overtime work, for meal and rest breaks and as otherwise required pursuant to the California labor laws and regulations.

23. Plaintiff and the other Class members seek payment of overtime wages and other compensation owed to them, plus all benefits required pursuant to the California labor laws and regulations based on the sums that were withheld from them. Plaintiff and the other Class Members also seek all benefits required pursuant to the California labor laws and regulations

based on the sums that were withheld from them by Defendant plus penalties and interest, attorney's fees and costs as provided by statute.

### FIRST CAUSE OF ACTION

(For Failure to Pay Overtime Compensation:
California Labor Code §§510, 1194, 1194.5)

24. Plaintiff adopts by reference herein as if set forth fully herein each and every allegation set forth in this Complaint.

25. During the Class Period, defendant routinely required the Location Managers, including plaintiff, to work in excess of eight hours per day and forty hours per workweek. In addition, Plaintiff and the other Class members were frequently required to work more than six days in seven. However, Defendant failed to and refused to pay Plaintiff and the other Class Members overtime compensation as required by the California Labor Code §510.

26. Plaintiff and the other Class members have been deprived of their rightfully earned overtime compensation as a direct and proximate result of defendant's corporate policies and failure and refusal to pay said compensation. Plaintiff and the other Class members are entitled to recovery of such amounts, plus interest thereon, attorneys' fees and costs.

### SECOND CAUSE OF ACTION

(For Failure to Provide Meal and Rest Breaks:
California Labor Code §§ 512, 226.7)

27. Plaintiff adopts by reference herein as if set forth fully herein each and every allegation set forth in this Complaint.

28. During the Class Period, Defendant routinely failed to provide Plaintiff and the other Class members with meal and rest periods during their work shifts, and failed to compensate

them for said meal and rest periods, as required by California Labor Code §226.7 and the other applicable sections of the California labor law and regulations.

29.     Plaintiff and the other Class members have been deprived of their rightfully earned compensation for meal and rest periods as a direct and proximate result of Defendant's corporate policies and failure and refusal to pay said compensation. Plaintiff and the other Class members are entitled to recovery of such amounts pursuant to California Labor Code §226.7(b), plus interest thereon, attorneys' fees and costs.

### THIRD CAUSE OF ACTION

**(For Unfair Competition, California Business & Professions Code §17200, *et seq.*)**

30.     Plaintiff adopts by reference herein as if set forth fully herein each and every allegation set forth in this Complaint.

31.     Defendant's violations of the California labor laws and regulations as alleged herein, including defendant's misclassification of Plaintiff and the other Class members as exempt employees, Defendant's failure and refusal to pay overtime wages, and defendant's failure to provide meal and rest breaks, constitute unfair business practices in violation of California Business & Professions Code Section 17200, *et seq.*

32.     As a result of Defendant's unfair business practices, Defendant has reaped unfair benefits and illegal profits at the expense of Plaintiff, the other Class members and the members of the public. Defendant should be made to disgorge its ill-gotten gains and restore such monies to Plaintiff and the other Class members.

33.     Defendant's unfair business practices entitle Plaintiff and the other Class members to seek preliminary and permanent injunctive relief, including, but not limited to, ordering Defendant to account for and disgorge its ill-gotten profits and provide full restitution to Plaintiff

and the other Class members in an amount not less than the overtime compensation unlawfully withheld from them and further ordering Defendant to cease its illegal conduct.

WHEREFORE, plaintiff Robert Higareda and the Class pray that the Court enter judgment in his favor and against defendant The Hertz Corporation, as follows:

1. Awarding all compensable damages, including unpaid overtime wages and meal and rest period compensation as provided for under California Labor Law in an amount to be ascertained at trial;

2. Awarding disgorgement and/or restitution of overtime wages and meal and rest period compensation pursuant to California Bus. & Prof. Code §17200 in an amount to be ascertained at trial;

3. Awarding prejudgment interest at the legal rate;

4. Awarding reasonable attorney fees;

5. Awarding costs of suit incurred herein;

6. Awarding appropriate preliminary and permanent injunctive relief; and

7. Awarding such further relief as the Court may deem appropriate.

Dated: August 31, 2007

KEMNITZER, ANDERSON, BARRON,
OGILVIE & BREWER LLP

*/s/ Andrew J. Ogilvie*

Andrew J. Ogilvie
445 Bush Street, Sixth Floor
San Francisco, California 94108
Tel: 415/861-2265
Fax: 415/861-3151

| | |
|---|---|
| 1 | Stephen T. Rodd |
| 2 | Stephanie Amin-Giwner |
|   | Orin Kurtz |
| 3 | ABBEY SPANIER RODD & ABRAMS, LLP |
|   | 212 East 39th Street |
| 4 | New York, New York 10016 |
|   | Telephone: (212) 889-3700 |
| 5 | Facsimile: (212) 684-5191 |

Robert J. Stein III (CA SBN 212495), *of Counsel*
DIVINCENZO SCHOENFIELD SWARTZMAN
33 N. LaSalle Street, 29th Floor
Chicago, IL 60602
Telephone: (312) 943-8068
Facsimile: (312) 577-0964

Counsel for Plaintiff and the Class

ATTACHMENT CV-5012

**CIVIL LAWSUIT NOTICE**
Superior Court of California, County of Santa Clara
191 N. First St., San Jose, CA 95113

CASE NUMBER: 107CV-093870

**READ THIS ENTIRE FORM**

**PLAINTIFFS** (the person(s) suing): Within 60 days after filing the lawsuit, you must serve each defendant with the *Complaint*, *Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

> **DEFENDANTS** (The person(s) being sued): You must do each of the following to protect your rights:
> 1. You must file a written response to the *Complaint*, in the Clerk's Office of the Court, within 30 days of the date the *Summons* and *Complaint* were served on you;
> 2. You must send a copy of your written response to the plaintiff; and
> 3. You must attend the first Case Management Conference.
>
> Warning: If you do not do these three things, you may automatically lose this case.

**RULES AND FORMS:** You must follow the California Rules of Court (CRC) and the Santa Clara County Superior Court Local Civil Rules and use proper forms. You can get legal information, view the rules and get forms, free of charge, from the Self-Service Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm
- Rose Printing: 408-293-8177 or becky@rose-printing.com (there is a charge for forms)

For other local legal information, visit the Court's Self-Service website www.scselfservice.org and select "Civil."

**CASE MANAGEMENT CONFERENCE (CMC):** You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.

Your Case Management Judge is: **Joseph Huber**  Department: **8**

The 1st CMC is scheduled for: (Completed by Clerk of Court)
  Date: **FEB - 5 2008**  Time: **1:30pm**  in Department **8**

The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed)
  Date: _____  Time: _____  in Department _____

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

**WARNING:** Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

# SANTA CLARA COUNTY SUPERIOR COURT
# ALTERNATIVE DISPUTE RESOLUTION
# INFORMATION SHEET

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

*What is ADR?*

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

*What are the advantages of choosing ADR instead of litigation?*

ADR can have a number of advantages over litigation:

- ADR can save time. A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

- ADR can save money. Attorneys fees, court costs, and expert fees can be reduced or avoided altogether.

- ADR provides more participation. Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

- ADR provides more control and flexibility. Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

- ADR can reduce stress. ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

*What are the main forms of ADR offered by the Courts?*

- Mediation is an informal, confidential process in which a neutral party (the mediator) assists the parties in understanding their own interests, the interests of the other parties, and the practical and legal realities they all face. The mediator then helps the parties to explore options and arrive at a mutually acceptable resolution of the dispute. The mediator does not decide the dispute. The parties do.

- Mediation may be appropriate when:
    - The parties want a nonadversary procedure
    - The parties have a continuing business or personal relationship
    - Communication problems are interfering with a resolution
    - There is an emotional element involved
    - The parties are interested in an injunction, consent decree, or other form of equitable relief

-over-

Arbitration is a normally informal process in which the neutral (the arbitrator) decides the dispute after hearing the evidence and arguments of the parties. The parties can agree to binding or non-binding arbitration. Binding arbitration is designed to give the parties a resolution of their dispute when they cannot agree by themselves or with a mediator. If the arbitration is non-binding, any party can reject the arbitrator's decision and request a trial.

Arbitration may be appropriate when:
- The action is for personal injury, property damage, or breach of contract
- Only monetary damages are sought
- Witness testimony, under oath, is desired
- An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

- Neutral evaluation is an informal process in which a neutral party (the evaluator) reviews the case with counsel and gives a non-binding assessment of the strengths and weaknesses on each side and the likely outcome. The neutral can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
- The parties are far apart in their view of the law or value of the case
- The case involves a technical issue in which the evaluator has expertise
- Case planning assistance would be helpful and would save legal fees and costs
- The parties are interested in an injunction, consent decree, or other form of equitable relief

- Special masters and referees are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.

Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

- Settlement conferences are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.

Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

*What kind of disputes can be resolved by ADR?*

Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; divorce, custody, and other family matters; employment; environmental problems; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; and sports, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, for information about ADR procedures, or for other questions about ADR?*

**Contact:**
Santa Clara County Superior Court
ADR Administrator
408-299-3090

*Revised 10/12/99*

## NOTICE: NEW MEET-AND-CONFER RULES

California Rules of Court, rules 212 (general jurisdiction) and 512 (limited jurisdiction) have been amended to add a meet-and-confer requirement in courts that hold a case management conference.

Effective July 1, 1999, under Rule 212(b), no later that 30 calendar days before the first scheduled case management conference, the parties shall meet and confer, in person or by telephone. They shall discuss (1) service of all anticipated parties; (2) related cases; (3) facts that are presently available to support the pleadings filed by each party; (4) injuries; (5) damages; (6) whether the amount in controversy will exceed $25,000, or whether the case should proceed as economic litigation under Code of Civil Procedure section 90 et seq.; (7) alternative dispute resolution, including mediation, arbitration, and neutral case evaluation, as available; (8) anticipated law and motion; (9) preliminary schedules of discovery; (10) possible settlement; and (11) other relevant matters. Under Rule 512(b), the parties shall discuss the same topics, except item (6), which is limited to a consideration of whether the case should continue as economic litigation under Code of Civil Procedure section 90 et seq.

In addition, subdivision (c) of both rules requires that, no later than 5 calendar days before the first scheduled case management conference, each party shall (i) file a case management conference statement with the clerk of the court, (ii) lodge a copy directly in the department of the assigned judge, if any, and (iii) serve the case management conference statement on all other parties in the case. *The case management conference statement shall state that the parties have met and conferred as required by subdivision (b) of the rules, and shall discuss the areas of agreement and disagreement between the parties on each of the required subjects.*

In order to comply with the new rules, the Court requires that parties properly file and serve the current two-sided *Case Management Conference Questionnaire and At-Issue Memorandum* (See Local Rule 1.1.7 and the Appendix to Local Rule 1.1), with an attached meet-and-confer statement (see the other side of this page for a suggested format). *In order to avoid unnecessary duplication and paper usage, filing of the Case Management Conference Questionnaire and At-Issue Memorandum with the clerk of the Court will fulfill the lodging requirement of subdivision (c) of the rules.*

If a case is not at-issue when the first scheduled case management conference is held, the Court may order a further case management conference, under Local Rule 1.1.6D(3). *Counsel shall appear at the further conference unless all of the following requirements are met:*
  *(1) The case is at issue; and*
  *(2) No party has properly objected to non-binding arbitration; and*
  *(3) a meet-and-confer statement has been properly filed and served at least five days before that conference.*

*If all counsel and each party appearing in propria persona stipulate in writing to ADR, stating that the case is at issue, and file the stipulation with the clerk of the court at least 10 calendar days before the first scheduled case management conference, that conference shall be taken off calendar. In that event, the meet-and-confer procedure and the filing of the case management conference questionnaire or statement shall be required before the next scheduled conference, according to the time periods in CRC 212(b) or 512(b).*

meet and confer notice 7/1/99

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address):*     TELEPHONE NO. | |
|---|---|
| ATTORNEY FOR *(Name):* | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA<br>STREET ADDRESS:<br>MAILING ADDRESS:<br>CITY AND ZIP CODE:<br>BRANCH NAME: | |
| PLAINTIFF:<br>DEFENDANT: | |
| MEET-AND-CONFER STATEMENT | Case No: |

I have met and conferred with all other parties in this matter, on all subjects required by California Rules of Court, Rule 212 (general jurisdiction).

After meeting and conferring as required by California Rules of Court, Rule 212, the parties (address all 11 issues listed in CRC 212(b) attach additional pages if necessary):

1)  __ agree on the following *(specify):*

2)  __ disagree on the following *(specify):*

Date:

_____          _____
(Type or Print Name)                                    (Signature of Party or Attorney)

Rev. 12/01/00                    MEET-AND-CONFER STATEMENT                    CV-5010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| ATTORNEY FOR (Name): | | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF:

DEFENDANT:

| CASE MANAGEMENT CONFERENCE QUESTIONNAIRE AND AT-ISSUE MEMORANDUM | CASE NUMBER: |
|---|---|
| CMC Date: _____ Time: _____ Dept.# _____ | |

1. I am ☐ party ☐ attorney for party (name of party):
   (check all that apply): ☐ plaintiff ☐ defendant ☐ cross-complainant ☐ cross-defendant
   ☐ other (specify):

2. The nature of the case, including a brief description of the damages and relief requested, is as follows:

3. (Plaintiffs only) The complaint was filed on (date):

4. Service (plaintiffs and cross-complainants only)
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served (specify names):

      (2) ☐ have been served but have not appeared and have not been dismissed (specify names):

   c. The following extraordinary circumstances explain why all parties have not been served or appeared:

5. Arbitration/Mediation
   a. ☐ The amount in controversy does not exceed $50,000 for each plaintiff.
   b. ☐ (Plaintiffs only) I elect to refer the case to judicial arbitration and agree to limit recovery to the amount specified in section 1141.11 of the Code of Civil Procedure ($50,000 as of January 1990).
   c. ☐ All parties have stipulated to judicial arbitration under section 1141.12 of Code of Civil Procedure. A copy of the signed stipulation is attached. (Discovery remains open until 30 days prior to trial.)
   d. ☐ I stipulate to be ordered to judicial arbitration under section 1141.12 of the Code of Civil Procedure. (Discovery closes 15 days prior to arbitration under CRC 1612.)
   e. ☐ I stipulate to be ordered to judicial arbitration and that discovery may remain open until 30 days prior to trial.
   f. ☐ This case is exempt from arbitration under rule 1600.5 of the California Rules of Court (specify exemption):

   g. ☐ I stipulate that the case be designated for arbitration [Local Rule 1.1.6 (D)(3)(C)]
   h. ☐ I stipulate to be ordered to mediation.

6. a. ☐ It is reasonably probable that the amount in controversy will not exceed $25,000.
   b. ☐ I request the court to order the case transferred to the municipal court.

(Continued on reverse)

Revised January 1, 1995    CASE MANAGEMENT CONFERENCE QUESTIONNAIRE    SC-560
AND AT-ISSUE MEMORANDUM

| PLAINTIFF: | CASE NUMBER: |
|---|---|
| DEFENDANT: | |

7. a. ☐ I have completed all discovery.
   b. ☐ I have not completed the following discovery which is scheduled to be completed by the date specified:
   Description                                                                 Date

8. ☐ I request an order bifurcating, severing, or consolidating the following issues or causes of action (*specify and give reasons*):

9. ☐ I expect to file the following **pretrial motions** (*specify*):

10. ☐ I request a **jury trial**.

11. ☐ This case is entitled to **preference** under (*specify code and section no.*):

12. I estimate the **trial** will take
    a. ☐ days:
    b. ☐ (*short causes*) hours:

13. This case will be ready for trial by (*month, year*): _____ If the case may be protracted, specify what special administrative and judicial attention may be appropriate, including special assignment:

14. Trial counsel will be: _____
    Back-up trial counsel will be: _____

15. Indicate party being represented:
    Plaintiff: _____       Defendant: _____
    Attorney: _____       Attorney: _____
    Firm: _____           Firm: _____
    Address: _____        Address: _____
    Telephone: _____      Telephone: _____

    -- For additional parties, use separate sheet.

16. ☐ This case is one which may be amenable to early settlement or other alternative disposition techniques because:

17. ☐ I request the following additional matters to be determined at the conference (*specify*):

18. **DIFFERENTIAL CASE MANAGEMENT PLANS** I contend that pursuant to CRC 2105 and 2106 this case does not fall within Differential Case Management Plan 1, disposition within 12 months (which under Local Court Rule 1.1.6(D)(1) all cases are presumed to be) and should be classified under ☐ Plan 2, disposition within 18 months; ☐ Plan 3, disposition within 24 months, for the following reason(s):

Date:

_____        _____
TYPE OR PRINT NAME                    SIGNATURE OF PARTY OR PARTY'S ATTORNEY

1-1-95          **CASE MANAGEMENT CONFERENCE QUESTIONNAIRE**          Page two
                **AND AT-ISSUE MEMORANDUM**