ROBERT A. DOLINKO (State Bar No. 076256)
CHRIS BAKER (State Bar No. 181557)
THELEN REID BROWN RAYSMAN & STEINER LLP
101 Second Street; Suite 1800
San Francisco, CA 94105
Telephone: (415) 371-1200
Facsimile: (415) 371-1211

Attorneys for Defendant
THE HERTZ CORPORATION

ENDORSED

2007 OCT 16  A 10: 05

A. Ilas

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SANTA CLARA

| | |
|---|---|
| ROBERT HIGAREDA, on behalf of himself and all others similarly situated, | Case No. 107 CV-093870 |
| Plaintiffs, | **CLASS ACTION** |
| vs. | **ANSWER TO COMPLAINT** |
| THE HERTZ CORPORATION, a Delaware Corporation, | Action Filed: September 10, 2007<br>Trial Date: Not Set |
| Defendant. | |

Defendant The Hertz Corporation ("Hertz" or "Defendant") hereby responds to the unverified Complaint ("Complaint") of Plaintiff Robert Higareda. As used herein, the term "Plaintiff" also means and includes all others similarly situated on whose behalf the Complaint was purportedly filed.

///
///
///
///
///
///

SF #1351654 v1

-1-

ANSWER TO COMPLAINT

## GENERAL DENIAL

1. Pursuant to the provisions of Section 431.30(d) of the California Code of Civil Procedure, Defendant Hertz generally denies each and every allegation of the Complaint, including that this action may be maintained as a representative action or as a class action on behalf of others purportedly similarly situated, and/or the general public, and further denies that Plaintiff and/or anyone else on whose behalf the Complaint is brought are entitled to damages, statutory penalties, punitive damages, restitution, disgorgement, interest, attorneys' fees or costs, or any other form of legal or equitable relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Cause of Action)**

2. The Complaint, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against each Defendant.

### SECOND AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

3. The causes of action asserted in the Complaint are barred, in whole or in part, by the applicable statutes of limitations, including, but not limited to, those set forth in California Code of Civil Procedure Sections 338(a), 340(a) and 343, and California Business and Professions Code section 17208.

### THIRD AFFIRMATIVE DEFENSE

**(No Standing)**

4. Plaintiff lack standing to sue on behalf of himself or the purported class of others supposedly similarly situated with respect to all or some of the causes of action in the Complaint or the requested relief.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Comply With Business Directions)

5. With respect to Plaintiff's claims of misclassification, those claims fail because Plaintiff and the class he purports to represent were required to substantially comply with the reasonable directions of their employer concerning the services for which they were engaged, yet Defendant is informed and believes that they failed to do so.

## FIFTH AFFIRMATIVE DEFENSE

### (Laches)

6. Defendant is informed and believes that Plaintiff's causes of action are barred, in whole or in part, due to Plaintiff's unreasonable delay in notifying Defendant of the alleged actionable wrongs, which delays have resulted in prejudice to Defendant.

## SIXTH AFFIRMATIVE DEFENSE

### (Waiver/Estoppel/Unclean Hands)

7. Defendant is informed and believes that Plaintiff's causes of action are barred, in whole or in part, based on the equitable doctrines of waiver, estoppel, and/or unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

### (Good Faith Dispute)

8. Although Defendant denies that it owes any amounts to Plaintiff or the purported class, if it should be determined that amounts are owed, Defendant alleges, based on information and belief, that at all times relevant hereto a reasonable good faith dispute existed as to whether any such amounts were owed to Plaintiff and the purported class.

## EIGHTH AFFIRMATIVE DEFENSE

### (Exempt Status)

9. Plaintiff's Complaint with respect to his claim for overtime compensation is barred in that Plaintiff and the class members he purports to represent were/are exempt from the overtime provisions of California law (e.g., as executive and/or administrative employees).

### NINTH AFFIRMATIVE DEFENSE

### (Constitutional Bar to Punitive Damages)

10. While Defendant denies that it committed or has responsibility for any act that could support the recovery of punitive damages, to the extent such recovery is sought against Defendant, it is unconstitutional under the provisions of the United States Constitution and/or the California Constitution.

### TENTH AFFIRMATIVE DEFENSE

### (Speculative Damages)

11. Defendant alleges, based on information and belief, that Plaintiff's claims for damages are barred because they are speculative and uncertain.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

12. Defendant alleges, based on information and belief, that Plaintiff's claims for damages are barred in whole or in part to the extent Plaintiff failed to mitigate, minimize or avoid the damages alleged in his Complaint.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Lack of Class Action)

13. Defendant is informed and believes, and based thereupon alleges, that Plaintiff's claims will not support class treatment because: they do not raise questions of law or fact that predominate over individual legal or factual issues; they are not typical of the claims of the putative class; Plaintiff is not an adequate or proper representative of the putative class; and/or the action fails to satisfy the legal standards for a class action.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Lack of Ripeness)

14. Defendant is informed and believes, and based thereupon alleges, that Plaintiff's effort to recover vacation pay for existing employees is not ripe for adjudication.

///

///

1    WHEREFORE, Defendant The Hertz Corporation prays for judgment as follows:

2    1.    That the Complaint be dismissed with prejudice and in its entirety, and that Plaintiff take nothing thereby;

3    2.    That Defendant be awarded its costs of suit, including reasonable attorneys' fees; and

4    3.    That Defendant be awarded such other and further relief as the Court deems just and proper.

Dated:  October 15, 2007

THELEN REID BROWN RAYSMAN & STEINER LLP

By  *Robert A. Dolinko* (signature)
Robert A. Dolinko
Attorneys for Defendant
THE HERTZ CORPORATION

## PROOF OF SERVICE BY MAIL

CASE NO. 107CV-093870

I am over the age of 18 and not a party to the within action. I am employed in the County of San Francisco, State of California by Thelen Reid Brown Raysman & Steiner LLP. My business address is 101 Second Street, Suite 1800, San Francisco, California 94105.

On October 15, 2007, I served the following entitled document:

## ANSWER TO COMPLAINT

by placing true and correct copies thereof in sealed envelopes addressed as follows:

    Andrew J. Ogilvie
    Kemnitzer, Anderson, Barron, Ogilvie & Brewer LLP
    445 Bush Street, Sixth Floor
    San Francisco, California 94108

    Robert J. Stein III
    Divincenzo Schoenfield Swartzman
    33 N. LaSalle Street, 29th Floor
    Chicago, IL 60602

    Stephen T. Rodd
    Stephanie Amin-Giwner
    Orin Kurtz
    Abbey Spanier Rodd & Abrams, LLP
    212 East 39th Street
    New York, New York 10016

I am readily familiar with the firm's business practice for collection and processing of correspondence for mailing with the United States Postal Service. On this day, I placed for collection and processing the above document to be deposited with the United States Postal Service in the ordinary course of business. And in the ordinary course of the firm's business, such correspondence is deposited with the United States Postal Service the same day that it is collected.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| | |
|---|---|
| 1 | |
| 2 | Executed on October 15, 2007, at San Francisco, California. |
| 3 | _____ |
|   | Lisa Schuh |

SF #1353159 v1                    -2-
PROOF OF SERVICE BY MAIL