1    ROBERT A. DOLINKO (State Bar No. 076256)
     radolinko@thelen.com
2    CHRIS BAKER (State Bar No. 181557)
     cbaker@thelen.com
3    THELEN REID BROWN RAYSMAN & STEINER LLP
     101 Second Street; Suite 1800
4    San Francisco, CA 94105
     Telephone: (415) 371-1200
5    Facsimile:  (415) 371-1211

6    Attorneys for Defendant
     THE HERTZ CORPORATION
7
     KEMNITZER, ANDERSON, BARRON, OGILVIE & BREWER LLP
8    Andrew J. Ogilvie (State Bar No. 57932)
     ajogil@kabolaw.com
9    445 Bush Street, Sixth Floor
10   San Francisco, California 94108
     Tel: 415/861-2265
11   Fax: 415/861-3151

12   Attorneys for Plaintiff
     ROBERT HIGAREDA
13

14                **UNITED STATES DISTRICT COURT**

15              **NORTHERN DISTRICT OF CALIFORNIA**

16

17   ROBERT HIGAREDA, on behalf of himself       CASE NO. C-07-5268 JW
     and all others similarly situated,
18
19              Plaintiff,                        **JOINT CASE MANAGEMENT
                                                  STATEMENT**
20              v.
                                                  Date:   March 3, 2008
21   THE HERTZ CORPORATION, a Delaware            Time:  10:00 a.m.
     Corporation,
22
23              Defendant.

24
25          Pursuant to Civil L.R. 16-9, the parties to the above-entitled action certify that they met

26   and conferred at least 10 days prior to the case management conference in this case and jointly

27   submit this Joint Case Management Statement and request that the Court adopt it as the Case

28   Management Order in this case.

---

I.    **JURISDICTION AND SERVICE**

Plaintiff initially filed the Complaint in the Superior Court of California for the County of Santa Clara. Defendant removed the case pursuant to 28 U.S.C. §1441 on the grounds that this Court had original jurisdiction pursuant to 28 U.S.C. §1332(d).

On January 15, 2008, the Court in *Friend, et al. v. The Hertz Corporation, et al.*, N.D. Cal., San Francisco Division, Case No. C-07-5222 (MMC),[1] granted the plaintiffs' Motion to Remand on the grounds that the defendants failed to establish that the Court had subject matter jurisdiction. The Court's ruling was based on its finding that the defendants had failed to meet its burden to show that its principal place of business is other than California, and therefore no diversity existed.

**Defendant's Position on Jurisdiction**

Defendant Hertz has filed in the Ninth Circuit a petition for permission to appeal the district court's remand order in *Friend* pursuant to 28 U.S.C. §1453(c)(1). The district court in *Friend* adopted a unique and erroneous "plurality of operations" standard to determine Hertz' principal place of business. As explained in its Notice of Removal, less than 20 percent of Hertz' business operations are found in California, its business is spread among 44 states, it is incorporated in Delaware and its headquarters is located in New Jersey. Moreover, two other district courts in California have examined this same issue in Hertz matters and, on virtually identical facts, have determined that Hertz is not a citizen of California.

No issues exist regarding personal jurisdiction or venue.

All process has been served or otherwise completed.

---

[1]    The *Friend* action is substantially similar to the instant action. *See* Section IX, *supra*.

## II.    FACTS & LEGAL ISSUES

### A.    PLAINTIFF

Plaintiff brings this suit as a class action on behalf of all current and former employees of The Hertz Corporation ("Hertz"), who have worked as "Location Managers" at any Hertz location in the State of California from September 4, 2003 through the date of the entry of an order certifying a class (the "Class"). Plaintiff alleges that Hertz fails to comply with California labor law regarding overtime and meal and rest periods through uniform policies applied to the Location Managers in California.

Hertz maintains over 300 rental-car locations in California, each of which employs one or more Location Managers. During the applicable liability period, Hertz used to refer to Location Managers as Branch Managers and Station Managers but has since relabeled all such employees as "Location Managers" because of the similar duties that they perform and their similar role within the company's organizational structure. The class definition alleged in the Complaint covers all such employees in California.

Plaintiff alleges that Hertz has a corporate policy under which it automatically classifies all Location Managers as "exempt" from the overtime pay requirements of California labor law and regulations without regard to the work actually performed by the Location Managers. However, Location Managers do not meet the exemption requirements under California law for such exempt status. Plaintiff also alleges that Location Managers routinely spend over fifty percent of their working hours performing the duties delegated to non-exempt (hourly) employees, including, but not limited to, taking reservations from customers, taking calls from customers with questions or complaints, renting cars, running keys, keying vehicles into ASAP for renting, jump-starting cars, cutting keys, putting gas in cars, cleaning child seats, dispatching

cars, assigning cars to customers, entering data into vehicle inventory systems, parking cars, cleaning out the office, taking contracts to vehicles or customers, running contracts and cleaning and moving cars.

Plaintiff alleges that Hertz's uniform refusal to pay Location Managers overtime pay for the overtime hours they routinely work violates California law, which requires overtime pay unless the employer can demonstrate under a strict "quantitative test" that the employees spend more than half their time on exempt rather than nonexempt tasks. Plaintiff alleges that the foregoing duties do not involve the exercise of discretion and are clearly non-exempt. Therefore, the Location Managers are entitled to overtime pay.

Plaintiff alleges that Hertz denies the Location Managers meal and rest breaks and other incidents and conditions of employment in California, which are required for non-exempt employees pursuant to California labor law and regulations. Location Managers routinely miss the 30-minute off-duty meal periods and 10-minute off-duty rest periods required by California law because of the demands of their job and Hertz's failure to structure the workplace in a way that permits for the required meal and rest periods. California law imposes affirmative obligations on employers to ensure that their employees take rest and meal periods and to keep records of all such meal periods. The employee must be "completely removed from duty" for the break to qualify as a *bona fide* meal or rest period. If an employee does not have an off-duty meal or rest period, California law mandates that the employer provide one extra hour of pay as a premium wage for the missed meal or rest period. Plaintiff alleges that Hertz uniformly fails to provide the Location Managers with the premium pay as compensation for missed meal or rest periods.

The Complaint also sets forth a claim for violation of California's Unfair Business Practices Act based on the allegations that the foregoing violations allow Hertz to gain an unfair competitive advantage over law-abiding employers in California.

**B.    DEFENDANT**

Plaintiff has been employed as a Station Manager at San Jose Airport throughout his career with Hertz. Thus, he has been part of Hertz' Airport Rent-A-Car ("RAC") operations catering to business and vacation travelers at major airports. He has never worked as a Branch Manager at a Hertz Local Edition ("HLE") facility. HLE is Hertz' relatively new business that consists of small retail rental locations in cities and towns catering primarily to insurance replacement customers (i.e., customers whose cars are in the shop for repairs). Hertz' RAC and HLE operations are very different, and an HLE Branch Manager's duties vary markedly from the duties of a RAC Airport Station Manager – even if the title of each has been changed to Location Manager. Plaintiff Higareda is not similarly situated to, and cannot represent, a class of Branch Managers whose duties and working conditions are markedly different than his own. Furthermore, the Branch Managers at HLE operations in California have been and remain the subject of separate lawsuits over California wage and hour issues.

With respect to Plaintiff Higareda, and any other Station Managers at Airport locations, their exempt status requires an individualized, fact-intensive assessment of how they spend time, week in and week out. Moreover, how Station Managers spend their time varies from one shift to another, from one operation to another, and from one airport to another.

Lastly, Hertz submits that Station Managers like Plaintiff Higareda are exempt from overtime (and requisite meal periods and rest periods) within the meaning of California law based

upon their performance of duties deemed exempt under the executive and administrative exemptions set forth in California law.

## III.   MOTIONS

At this time, there are no pending motions.

Should the Court of Appeals for the Ninth Circuit deny Hertz' petition for leave to appeal the remand decision or affirm the remand, Plaintiff anticipates filing a motion for remand. As Defendant acknowledges, the *Friend* Action contains allegations identical to those contained herein, and therefore if the Court of Appeals determines that this Court does not have jurisdiction over the *Friend* Action, logic dictates that this Court also does not have jurisdiction over this Action. Should the Court of Appeals reverse the remand, Plaintiff anticipates filing a motion to consolidate this Action with the *Friend* Action. Plaintiff submits that these motions would thereby render Defendant's proposed motion for a stay as moot. Further, although Plaintiff Higareda is currently serving overseas in the military, he is willing and able to comply with his obligations as a Class Representative and to timely respond to written discovery requests and to have his deposition taken when he returns to the States. Plaintiff is willing to discuss alternative methods by which his deposition may be taken at an earlier date, including a deposition upon written questions pursuant to Fed. R. Civ. P. 31 or by telephone or video, if possible.

Plaintiff anticipates filing a Motion for Class Certification, a Motion to Bifurcate the Issue of class liability from the calculation of back pay, penalties and interest due to class members, and a Motion for Summary Judgment on class liability.

Defendant Hertz anticipates filing a motion to stay further proceedings. Plaintiff Higareda currently is serving in the military in Iraq and Defendant's understands that his deployment will not end until August 2008. Consequently, Hertz fails to see how Plaintiff can serve as an

adequate class representative during his deployment. In addition, Hertz will be prejudiced in its defense if it is unable to depose Plaintiff for the next six months, while his attorneys engage in what will be burdensome class-wide discovery. Finally, Plaintiff will suffer no prejudice from a stay since (1) the Soldiers and Sailors Relief Act (50 App. U.S.C. § 525) requires that all statutes of limitation be tolled during the period of Plaintiff's active duty; and (2) Plaintiff is already a putative class member in a previously filed class action, brought by individuals employed in the same job classification in which Plaintiff is employed, and containing allegations identical to those contained in Plaintiff's lawsuit.

Defendant Hertz also anticipates filing a motion for complete or partial summary judgment.

## IV.    AMENDMENT OF PLEADINGS

The parties do not currently plan to amend pleadings or to add additional parties to the action. All parties reserve their rights to seek to amend the pleadings or add parties, pursuant to Fed. R. Civ. P. 15, based on discovery and further proceedings in the action.

## V.    EVIDENCE PRESERVATION

Hertz has taken the following steps to preserve electronic evidence:

1.    It has retained the electronic mailboxes of Station Managers and their immediate supervisors;

2.    It has retained payroll information from April 2003 and on. Note, however, that it may be burdensome and oppressive to retrieve this data in certain formats;

3.    It has retained hard copies of station manager personnel files; and

4.    It has retained policies and procedures of The Hertz Corporation and prior versions of the policies and procedures.

Plaintiff objects to Defendant's unilateral limitation of the preservation of evidence to Station Managers.  Since the proposed class is not limited to Station Managers, but includes all Location Managers, such a limitation on the preservation of evidence is inappropriate at this stage of the litigation.  Plaintiff also submits that Defendant should be required to preserve all of the above as it pertains to all Location Managers.  Plaintiff also submits that Hertz should preserve the e-mail inboxes and outboxes of all Hertz employees who have had decision-making authority and/or who have provided information to such decisionmakers, regarding:  the exemption status of Location Managers; the parameters of the job duties and role of Location Managers in the company; changes in job titles from Station Manager, Branch Manager and City Operations Manager to Location Manager; policies concerning overtime, meal and rest periods, or vacation pay; and the handling of inquiries or complaints regarding these matters.

## VI.  **DISCLOSURES**

The parties have not yet exchanged initial disclosures.  The parties intend to submit initial disclosures pursuant to Rule 26(a)(1) in accordance with the schedule set forth in the Order Setting Initial Case Management Conference and ADR Deadlines.  Hertz submits that Initial Disclosures should be limited to Plaintiff's individual claims as class-wide disclosure is far too vague a concept and information of that nature is best elicited via discovery.  Plaintiff disagrees on the basis that since this Action is brought as a class action such limitations are contrary to the purpose of the rules regarding Initial Disclosures.

## VII.  **DISCOVERY**

On January 22, 2008, Defendant served its First Set of Special Interrogatories and First Set of Document Requests to Plaintiff Robert Higareda.  On January 28, 2008, Plaintiff served his First Set of Document Requests to Defendant The Hertz Corporation.  The parties have agreed to

a 30-day extension of time to respond to those discovery requests. Defendant has noticed Plaintiff's deposition for February 29, 2008. As indicated by letter dated February 15, 2008, Plaintiff Higareda is unable to attend the deposition noticed for February 29, 2008 due to his deployment overseas. Plaintiff's Counsel will notify Defendant when Plaintiff will return to the States in order to promptly schedule his deposition.

The parties agree that discovery shall be conducted in phases. The parties shall focus their discovery efforts during this first phase of discovery on Plaintiff's individual claims and on such matters that are relevant to the Court's determination of whether the Class proposed in the Complaint may be certified pursuant to Federal Rule of Civil Procedure 23.

The parties agree and recommend that the Court limit the use and numbers of discovery procedures in the class discovery phase as follows:

A.    Interrogatories: limited to 25 interrogatories each. All parties reserve the right to seek additional interrogatories.

B.    Depositions: limited to 15 for each party. All parties reserve the right to seek additional depositions.

## VIII.  CLASS CERTIFICATION

Plaintiff brings this action as a class action. The parties propose that Plaintiff's Motion for Class certification will be made upon completion of the first phase of discovery. Plaintiff proposes that the Court set a Case Management Conference 30 days prior to the date for filing of Plaintiff's motion to determine whether any unanticipated delay or obstruction in the discovery process warrants a later filing date.

The parties contemplate a briefing schedule that allows Defendant sufficient time to depose declarants, if any, submitted by Plaintiff in support of his Motion for Class Certification

and Plaintiff sufficient time to depose declarants, if any, submitted by Defendant in support of its Opposition. The parties propose that the exact number of declarant depositions to be taken be determined at a later date, when the number of declarants is known.

## IX.    RELATED CASES

*Friend et al. v. Hertz Corporation, et al.*, was filed in the Superior Court of California for the County of Alameda on September 6, 2007 (four days before this action was filed) and was removed by Hertz to the Northern District of California before Hon. Maxine M. Chesney, U.S.D.J., as Case No. 3:07-cv-05222 (MMC). As set forth above, Judge Chesney granted the plaintiffs' Motion to Remand on January 15, 2008, which order is presently subject to a petition for permission to appeal before the Ninth Circuit. The *Friend* case contains a class definition similar to this case and alleges claims for unpaid overtime and denial of meal and rest periods. The *Friend* case also contains a claim for unpaid vacation wages.

## X.    RELIEF

### A.    PLAINTIFF

In the Complaint, Plaintiff seeks the following relief: (1) compensable damages, including unpaid overtime wages and meal and rest period compensation as provided for under California Labor Law in an amount to be ascertained at trial; (2) disgorgement and/or restitution of overtime wages and meal and rest period compensation pursuant to California Bus. & Prof. Code §17200 in; (3) prejudgment interest at the legal rate; (4) reasonable attorney fees; (5) costs of suit incurred herein; (6) appropriate preliminary and permanent injunctive relief; and (7) such further relief as the Court may deem appropriate. At this juncture, Plaintiff is unable to provide the amount of any damages sought. Plaintiff believes that after appropriate discovery, he will be able to provide that information to the Court through expert reports and testimony.

**B.    DEFENDANT**

Defendant Hertz submits Plaintiff's claims are without merit, he is not a suitable class representative for HLE Branch Managers under any set of circumstances, and the class of Station Managers he seeks to represent is not appropriate for class treatment.

**XI.    SETTLEMENT & ALTERNATIVE DISPUTE RESOLUTION**

On January 15, 2008, the parties filed a Notice of Need for ADR Phone Conference indicating that they had not yet reached an agreement. An ADR Phone Conference has been scheduled for Wednesday, February 27, 2008 at 10:30 a.m.

Plaintiff is also willing to appear for a settlement conference before a Magistrate Judge and/or have a private mediation. However, Plaintiff submits that any settlement conference or mediation should occur after Defendant has produced the discovery sought regarding class liability issues (including the basis of any affirmative defense) and sufficient wage and compensation data to calculate all back pay, penalties and interest that would be due to Plaintiff and the putative class should Plaintiff prevail on the merits of his claims.

Defendant is willing to appear for a settlement conference before a Magistrate Judge.

**XII.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

Plaintiff declined to consent to the assignment of this case to a United States Magistrate Judge for trial and disposition, and thus this case has been reassigned to a United States District Judge.

**XIII.    OTHER REFERENCES**

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XIV.  NARROWING OF ISSUES

The parties are not aware at this time of any issues which can be narrowed by agreement or by motion.

## XV.  EXPEDITED SCHEDULE

The parties do not believe that this action can be handled on an expedited basis.

## XVI.  SCHEDULING

| Deadline/Event | Plaintiff's Proposal | Defendant's Proposal |
|---|---|---|
| Class Certification Discovery | Begins immediately | |
| Class Certification discovery issued pursuant to Rules 33, 34 and 45 | Commenced on January 21, 2008 | |
| Depositions will be conducted on dates and at locations to be agreed upon by counsel | Shall take place during the period April 30 - June 30, 2008 | Plaintiff's deposition was noticed for February 29, 2008, see Section III, supra. |
| Plaintiffs' Motion for Class Certification | Shall be served no later than July 15, 2008 | Acceptable provided Plaintiff timely responds to Defendant's written discovery and that his deposition is timely completed as described above. |
| Plaintiff identifies expert regarding class certification, if any | | Shall take place on or before July 1, 2008 |
| Deposition of Plaintiff's expert on class certification, if any | Shall take place prior to August 15, 2008 | |
| Defendant's Opposition to Plaintiff's Motion for Class Certification | Shall be served no later than September 30, 2008 | Note: Defendant consents subject to Plaintiff timely responding to written discovery and timely completion of Plaintiff's deposition. |
| Defendant identifies expert regarding class certification, if any | | Shall take place on or before September 1, 2008 |
| Deposition of Defendant's expert on class certification, if any | Shall take place prior to September 30, 2008 | |

| Deadline/Event | Plaintiff's Proposal | Defendant's Proposal |
|---|---|---|
| Plaintiff's Reply in Further Support of Motion for Class Certification | Shall be served no later than October 30, 2008 | |

Within fifteen (15) calendar days following the entry of an order on Plaintiff's Motion for Class Certification, and to the extent necessary, the Parties will meet and confer for the purpose of discussing the appropriate scope and schedule for remaining discovery and other pretrial matters including: (i) a deadline for completion of remaining fact discovery, including but not limited to, additional depositions and all discovery issued pursuant to Rules 33, 34, and 45; (ii) dates for the identification of experts and exchange of expert disclosures; (iii) dates for the identification of any rebuttal experts and exchange of rebuttal expert disclosures; (iv) a deadline for completion of expert discovery; and (v) a deadline for dispositive motions. Within twenty (20) calendar days following the entry of an order on Plaintiff's Motion for Class Certification, the parties shall file a Joint Status Report informing the Court of the results of their discussions.

## XVII.   TRIAL

Plaintiff has timely made a demand for a trial by jury. The length of such a trial will differ based on whether the action is certified as a class action.

///

///

///

///

///

///

///

///

*Higareda v. The Hertz Corporation*, Case No. C 07-05268 HRL
Joint Case Management Order

1

**XVIII.  DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

2

Plaintiffs:      None

3

Defendant:     The Hertz Corporation is a wholly-owned subsidiary of Hertz

4

5
Global Holdings, Inc., a publicly traded corporation.

6
Dated: February 22, 2008

7
KEMNITZER, ANDERSON, BARRON,
OGILVIE & BREWER LLP

8

9
_____ /s/ Andrew J. Ogilvie, Esq.

10
Andrew J. Ogilvie (State Bar No. 57932)
ajogil@kabolaw.com

11
445 Bush Street, Sixth Floor

12
San Francisco, California 94108
Tel: 415/861-2265

13
Fax: 415/861-3151

14
Stephen T. Rodd *pro hac vice*

15
srodd@abbeyspanier.com
Stephanie Amin-Giwner *pro hac vice*

16
samin@abbeyspanier.com
Orin Kurtz *pro hac vice*

17
okurtz@abbeyspanier.com

18
ABBEY SPANIER RODD & ABRAMS, LLP
212 East 39th Street

19
New York, New York 10016
Telephone:  (212) 889-3700

20
Facsimile:  (212) 684-5191

21

22
Robert J. Stein III (State Bar No. 212495), *of Counsel*

23
ADORNO YOSS ALVARADO & SMITH
1 MacArthur Pl. Suite 200

24
Santa Ana, CA 92707
Telephone: (714) 852-6837

25
rstein@adorno.com

26
Counsel for Plaintiff and the Class

27

28

*Higareda v. The Hertz Corporation*, Case No. C 07-05268 HRL
Joint Case Management Order

1  Dated: February 22, 2008

2

3

4                                         THELEN, REID BROWN RAYSMAN & STEINER LLP

5

6                                         By:    /s/ Robert A. Dolinko, Esq.
7                                             Robert A. Dolinko (State Bar No. 076256)
                                              radolinko@thelen.com
8                                             Chris Baker (State Bar No. 181557)
                                              cdbaker@thelen.com
9                                             101 Second Street, Suite 1800
                                              San Francisco, California 94105
10                                            Telephone:  (415) 371-1200
                                              Facsimile:  (415) 371-1211
11

12                                            Counsel for Defendant
                                              The Hertz Corporation
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28