1  ROBERT A. DOLINKO (State Bar No. 076256)
   radolinko@thelen.com
2  CHRIS BAKER (State Bar No. 181557)
   cbaker@thelen.com
3  THELEN REID BROWN RAYSMAN & STEINER LLP
   101 Second Street; Suite 1800
4  San Francisco, CA 94105
   Telephone:  (415) 371-1200
5  Facsimile:   (415) 371-1211

6  Attorneys for Defendant
   THE HERTZ CORPORATION
7

8                       UNITED STATES DISTRICT COURT

9                      NORTHERN DISTRICT OF CALIFORNIA

10

11 | ROBERT HIGAREDA, individually and on behalf of others similarly situated, | Case No.:  5:07-CV-05268-JW-HRL |
12 | | |
   | Plaintiff, | **DEFENDANT THE HERTZ** |
13 | | **CORPORATION'S NOTICE OF MOTION** |
   | vs. | **AND MOTION TO STAY PROCEEDINGS;** |
14 | | **MEMORANDUM OF POINTS AND** |
   | THE HERTZ CORPORATION, a Delaware | **AUTHORITIES IN SUPPORT OF MOTION** |
15 | corporation, | **TO STAY** |
16 | Defendant. | Date: May 5, 2008 |
   | | Place: Courtroom 8 – San Jose |
17 | | Time: 9:00 a.m. |
18
19

20 TO:    PLAINTIFF ROBERT HIGAREDA AND HIS ATTORNEYS OF RECORD:

21        PLEASE TAKE NOTICE that on May 5, 2008, at 9:00 a.m., in the United States District

22 Court for the Northern District Of California, San Jose Division, located at 280 South First Street,

23 San Jose, California, the Honorable James Ware presiding, Defendant The Hertz Corporation will

24 move, and hereby does move, for an Order staying Plaintiff's case pending his return from active

25 military service.

26
27
28

- 2 -

Defendant seeks a stay of this case due to Higareda's active military duty in Iraq. A stay is consistent with principles of judicial economy and will avoid prejudice to Hertz. A stay will not prejudice Plaintiff.

This motion is based on this notice, the memorandum of points and authorities accompanying the motion, the declaration in support of the motion, all pleadings on file in this action, and any other evidence or argument the Court shall consider at the hearing.

Dated: March 19, 2008

                                          THELEN REID BROWN RAYSMAN & STEINER LLP

                                          By   /s/ Robert A. Dolinko, Esquire
                                               Robert A. Dolinko
                                               Chris D. Baker
                                               Attorneys for Defendant
                                               THE HERTZ CORPORATION

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Proceedings in this matter should be stayed until Plaintiff Robert Higareda ("Plaintiff" or "Higareda") returns from active military duty in Iraq. A stay will promote judicial efficiency, protect Hertz against prejudice and result in no prejudice to Plaintiff. Moreover, by the time Plaintiff returns from Iraq, the United States Court of Appeals for the Ninth Circuit should have decided whether another lawsuit, involving the same putative class and nearly identical claims, was or was not properly remanded to California state court. Depending on the Ninth Circuit's determination there, this Court will be in a position to decide whether to dismiss Plaintiff's Complaint, continue the stay, or transfer the matter pursuant to the "first to file" rule or the "Colorado River" abstention doctrine.

## II. ISSUE TO BE DECIDED

The primary issue this Court must address is:

Whether a stay of proceedings in a putative class action is warranted where: (1) the putative class representative is on active military duty outside the United States and is not expected to return to this country until August 2008; (2) another putative class action is pending, which involves nearly identical claims, and which was filed four days *before* Plaintiff filed this action; and (3) Plaintiff will suffer no prejudice from the requested stay.

## III. STATEMENT OF FACTS

On September 6, 2007, Melissa Friend and John Nhieu, both of whom were formerly employed as Location Managers at Hertz' San Jose Airport car rental operation, filed a putative class action lawsuit against Hertz in state court alleging, *inter alia*, that Hertz had misclassified them, and all other Location Managers in California, as exempt employees. Friend and Nheiu further alleged that they and the class were entitled to recover back pay for unpaid overtime, and premium pay for missed meal periods and rest breaks. See Friend and Nhieu v. The Hertz Corporation, Case No. 3:07-CV-05222 MMC. (A copy of the Friend/Nheiu complaint is attached as Exhibit 1 to the Declaration of Robert Dolinko filed herewith [Dolinko Dec.] and will be referred to as the "Friend/Nhieu Action"). Four days later, on September 10, 2007, Plaintiff

Robert Higareda, who currently is employed (but on leave) as a Location Manager at the same Hertz airport operation, also filed a putative class action lawsuit in state court alleging virtually the same claims set forth in the Friend/Nhieu Action: That Hertz had misclassified him, and all other Location Managers in California, as exempt employees, and that he and the putative class were entitled to recover back pay for unpaid overtime and missed meal and rest breaks. (A copy of this lawsuit is attached to the Dolinko Dec. as Exhibit 2 and will be referred to as the "Higareda Action").

After Hertz removed both actions to federal court, Judge Chesney, upon motion made by Plaintiffs, remanded the Friend/Nhieu Action to state court on the basis of her conclusions that "a plurality" of Hertz' business activities (basically 18 to 20 percent) occur in California and that Hertz is not the type of litigant that diversity jurisdiction was designed to protect. (Dolinko Dec. at ¶ 4, Exhibit 3.) On January 24, 2008, Hertz petitioned the Ninth Circuit Court of Appeals for permission to appeal Judge Chesney's remand order in the Friend/Nhieu Action. Id. at ¶ 5. In doing so, Hertz asserted that the order conflicted with other district court decisions concerning Hertz, controlling legal precedent and the underlying purposes of diversity jurisdiction. Id. As of the date of this filing, Hertz' petition remains pending before the Court of Appeals. Id.

The Higareda action, obviously, has remained before this Court. The parties initiated written discovery and Hertz issued a Notice of Deposition setting Plaintiff's deposition for February 29, 2008. Dolinko Dec. at ¶ 6. On February 15, 2008, counsel for Plaintiff advised Hertz that Plaintiff "is currently serving in the military overseas, . . . will . . . be unable to attend the deposition noticed for February 29 . . . [and that] as soon as we know when Mr. Higareda will be returning to the states, we will advise you so that his deposition can be scheduled." Id. at ¶ 7, Exhibit 4. On February 19, 2008, Hertz responded and confirmed its understanding that Plaintiff would not return from Iraq until August 2008. Id. at ¶ 8, Exhibit 5.[1/] In addition, Hertz requested that Plaintiff Higareda either voluntarily dismiss his action or agree to a stay of all proceedings until he returned from Iraq. Id.

---

[1/] This assumes that Plaintiff's deployment in Iraq is not extended.

In support of its February 19 request that Plaintiff voluntarily agree to a stay, Hertz explained that: (1) the Friend/Nhieu Action, which was filed four days before the Higareda Action, involved nearly identical claims, on behalf of an identical putative class, and that considerations of judicial administration and efficiency supported a stay of the second filed action; (2) Plaintiff Higareda's absence from the country through August 2008 undermined his ability to fairly and adequately protect the interests of the putative class; (3) it would be manifestly unfair for Plaintiff's counsel to be allowed to engage in months of sweeping and burdensome class action discovery, while Hertz was precluded from determining whether Plaintiff even had a viable wage and hour claim; and, (4) Plaintiff would suffer absolutely no prejudicial impact as a result of the stay since, pursuant to the Service Members Civil Relief Act, 50 App. U.S.C. § 525 ("SCRA"), all statutes of limitation are tolled during Plaintiff's tour of military duty. Counsel for Plaintiff's only response to this request, and the concerns giving rise to it, was to blithely state that Plaintiff "is willing and able to comply with his obligations as a Class Representative and to timely respond to written discovery requests and have his deposition taken when he returns to the States." (Dolinko Dec. at ¶ 9).

## IV. ARGUMENT

### A. The Court Has Broad Discretion To Order A Stay

"A district court's inherent power to 'control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants' includes the power to stay proceedings." Dominguez v. Hartford Financial Services, 530 F.Supp.2d 902, 905 (S.D. Tex. 2008) (citing Landis v. N. Am Co., 299 U.S. 248, 254 (1936)). "The competing interests that a district court must weigh in deciding to grant a stay include: (1) 'possible damage which may result from granting of a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.'" Formfactor Inc. v. Micronics Japan Co., Ltd., 2008 WL 361128 *1 (N.D. Cal. 2008),

citing <u>CMAX, Inc. v. Hall</u>, 300 F.2d 265, 268 (9th Cir. 1962).  As shown below, each of these factors is present in the instant case.

### B. Hertz Will be Prejudiced by the Failure to Enter a Stay, Whereas Plaintiff Suffers No Prejudice From its Issuance

*1. Absent a Stay, Hertz Will be Precluded from Deposing Plaintiff and Determining The Efficacy of His Individual Claims and His Adequacy as a Class Representative*

Pursuant to the Court's February 28, 2008 Scheduling Order (Docket Document ["Doc."] 20), discovery with respect to class certification issues will close on September 8, 2008 and a hearing on Plaintiff's anticipated Motion for Class Certification is scheduled for November 10, 2008.  However, Plaintiff is not scheduled to return from Iraq until August 2008 at the earliest.

Absent a stay, Hertz may not be able to depose Plaintiff prior to the close of class certification discovery, much less be able to pursue follow-up discovery with respect to his testimony on those issues.  As a result, for at least the next five to six months, Hertz will not be able to ask Plaintiff about his adequacy to serve as a class representative, or pursue follow-up discovery with respect to his testimony on that subject.  See <u>In re</u> Electronic Data Sys. Corp. Sec. Litig., 226 F.R.D. 559, 566 (E.D. Tex. 2005)("[t]he adequacy determination requires inquiry into . . . [the] representatives' willingness and ability to take an active role in, and control of, the litigation and to protect the absent members' interest"); <u>Wahl v. Midland Credit Management, Inc.</u>, 243 F.R.D. 291, 298 (N.D.Ill. 2007) (class representative must maintain, among other things, a "willingness and ability to participate in discovery").  Nor, for that matter, will Plaintiff be in a position to realistically serve his function as a class representative.  He is out of the country performing military service in Iraq.

In addition, unless Hertz can engage in meaningful deposition and other discovery of Plaintiff, it will be unable to determine whether it should seek summary judgment with respect to Plaintiff's claims prior to class certification.  <u>Wright v. Schock</u>, 742 F.2d 541, 543-544 (9th Cir. 1984)(timing provisions of Rule 23 are not absolute and ruling on a motion for summary judgment prior to class certification can affect the savings of considerable time and expense); <u>Marx v.</u>

- 6 -

Centran Corp., 747 F.2d 1536, 1552 (6th Cir. 1984)("it has never been doubted that a complaint asserting a class action could be dismissed on the merits before determining whether the suit could be maintained as a class action"); see also, Wright, Miller & Cane Federal Practice and Procedure: Civil Third Ed., Section 1785.

On top of this, not only will Hertz be prejudiced by its inability to pursue discovery on material and potentially dispositive issues prior to the close of class certification discovery, but it also will be prejudiced by having to deal with what it anticipates will be burdensome discovery requests from Plaintiff on the topic of class certification. As shown by Plaintiff's First Request for Production of Documents (Dolinko Dec. at Exh. 6), Plaintiff already seeks production of, among other things: (1) "all machine readable personnel files . . . for all . . . current and former employees . . . [both] hourly and managerial;" (2) "all documents concerning all communications, including but not limited to memo and email, between regional and/or district managers and city managers at all . . . California locations concerning the job responsibilities of location managers . . . ;" and, (3) "all documents concerning all communications, including but not limited to memos and emails, between regional and/or district managers and city managers at all . . . California locations concerning the tasks actually performed by location managers . . . ." (excerpts from Plaintiff's Requests for Production). These three requests alone seek the production of personnel files for thousands of employees, and the retrieval of what could be hundreds of thousands or millions of emails.

    2.    *Plaintiff Will Not Be Prejudiced by a Stay of Proceedings Because He is Protected by His Membership in the Putative Class in the Friend/Nhieu Lawsuit and by the SCRA*

Plaintiff will not be prejudiced by a stay of proceedings because, not only is he a putative class member in the Friend/Nhieu Action, but the SCRA specifically tolls any applicable statute of limitations during "[t]he period of a servicemember's military service." 50 App. U.S.C. § 525(a). Considering the obvious prejudice to Hertz from not granting a stay, and the equally obvious lack of prejudice to Plaintiff from a stay, Hertz respectfully submits that a stay is appropriate.

        3.     *A Stay Will Protect The Orderly Course of Justice*

Absent Friend and Nhieu voluntarily dismissing their Complaint, the Higareda Action is subject to being dismissed, stayed or transferred pursuant to either the First to File rule or the Colorado River abstention doctrine. However, until the Ninth Circuit resolves the remand issue, this Court will not know which rule or doctrine to apply. Consequently, granting this stay will promote the orderly course of justice and, considering the range of potential outcomes from applying the First to File rule or Colorado River abstention doctrine, will result in no prejudice to Plaintiff.

**C.**     **By the Time Plaintiff Returns from Active Duty, the Court Should Know Whether to Dismiss Plaintiff's Complaint or Continue the Stay or Transfer the Proceeding Pursuant to the "First to File" Rule or the Colorado River Abstention Doctrine**

On January 24, 2008, Hertz petitioned the Ninth Circuit Court of Appeals for permission to appeal Judge Chesney's January 15, 2008 order remanding the Friend/Nhieu Action to state court. That petition was filed pursuant to 28 U.S.C. § 1453, which provides that if the court accepts the appeal then it "shall complete all action on such appeal, including rendering judgment, not later than 60 days after the date on which such appeal was filed, unless an extension is granted . . . ." 28 U.S.C. § 1453(c)(2). Consequently, there is a significant likelihood that the Court of Appeals will dispose of Hertz' petition prior to Plaintiff Higareda's anticipated return from Iraq.

        1.     *Should the Ninth Circuit Reverse the Remand of the Friend/Nhieu Action, This Matter Would be Subject to Dismissal or Transfer Under the "First to File" Rule*

Under the "first to file rule," a federal court can decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in the same or a different district court. Pacesetter Systems, Inc. v. Medtronic, Inc., 678 F.2d 93, 94-95 (9th Cir. 1982). This rule was developed to "serve the purpose of promoting efficiency well and should not be disregarded lightly," Church of Scientology v. United States Department of Army, 611 F.2d 738, 750 (9th Cir. 1979). Exact parallelism between the two actions need not exist. Rather, it is enough if the parties and issues in the two actions are "substantially similar." Nakash v. Marciano, 882 F.2d 1411, 1416 (9th Cir. 1989). It is undisputed that Plaintiff is a member of the

putative class in the Friend/Nhieu Action. Further, Plaintiff himself admitted in the Joint Case Management Statement that the Friend/Nhieu Action "contains allegations identical to those contained herein." (Doc. 18 at Section 6). Further, a review of the complaints in the respective actions confirms that the nature of the parties and their allegations are virtually identical.

Since the Friend/Nhieu Action was filed first, and involves nearly identical parties and issues to those in the instant lawsuit, the "first to file rule" will support either dismissal of the instant case or its transfer to Judge Chesney should the Ninth Circuit decide the Friend/Nhieu Action was improperly remanded to state court. In the event this case is ultimately dismissed or transferred consistent with the "first to file" rule, the class discovery in this matter will, at best, have been duplicative of that occurring in the Friend/Nhieu Action and, at worst, will have served little or no purpose.

> 2. *Should the Ninth Circuit Affirm the Remand of the Friend/Nhieu Action, This Matter Would Be Subject to a Stay or Dismissal Under the "Colorado River" Abstention Doctrine*

Finally, even if the Ninth Circuit ultimately upholds Judge Chesney's remand order, under the abstention doctrine set forth in Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976), a federal court can dismiss or stay proceedings in a matter when there is a parallel action pending in state court. The Colorado River abstention doctrine rests on "considerations of '(w)ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" Id. (quoting Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co., 342 U.S. 180, 183 (1952). Under the doctrine, courts have developed several factors to determine whether abstention is appropriate, including: "(1) whether either court has assumed jurisdiction over a res; (2) the relative convenience of the forums; (3) the desirability of avoiding piecemeal litigation; . . . (4) the order in which the forums obtained jurisdiction[;] . . . (5) whether state or federal law controls; and (6) whether the state proceeding is adequate to protect the parties' rights." Nakash, 882 F.2d at 1415 (citing factors outlined in Colorado River and Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1 (1983)). Although the first factor does not apply to the instant case, the remaining factors are either neutral or favor staying/dismissing the instant case.

Should the Friend/Nhieu Action remain in state court, this Court would be faced with a situation where a previously filed state court action, involving virtually identical classes and claims, creates a risk of inconsistent determinations and inefficient use of judicial resources. Consequently, the Colorado River abstention doctrine applies to this action. See, e.g., Romine v. Compuserve Corp., 160 F.3d 337 (6th Cir. 1998) (applying Colorado River abstention doctrine and concluding that federal class action should be stayed where there was a pending state court action with the same putative class and more comprehensive claims arising out of the same factual background); Waterbury v. Safeway, Inc., 2006 WL 3147687 (N.D. Cal. Oct. 31, 2006) (applying Colorado River abstention and staying federal Fair Labor Standards Act lawsuit where a parallel lawsuit under California labor law for improper classification, denial of overtime, denial of meal and rest periods, and other claims was pending in state court). Accordingly, Hertz respectfully requests that this matter be stayed until the Ninth Circuit decides whether the Friend/Nhieu Action was properly remanded to state court.

## V.     CONCLUSION

Based upon the foregoing, Hertz requests that the Court stay proceedings in this matter. Doing so will avoid prejudicing Hertz with respect to its right to engage in discovery on issues bearing on class certification, while imposing no prejudice on Plaintiff and potentially aiding the Plaintiff's ability to serve as a competent and diligent class representative. In addition, the entry of such stay should enable the Court to determine whether to dismiss this action, continue the stay or transfer the action, pursuant to either the first to file rule or the Colorado River abstention doctrine. Finally, and for all of these reasons, the entry of a stay will promote the just and efficient resolution of this matter.

Dated: March 19, 2008

                THELEN REID BROWN RAYSMAN &
                STEINER LLP

                By   /s/ Robert A. Dolinko, Esquire_____
                    Robert A. Dolinko
                    Chris D. Baker
                    Attorneys for Defendant
                    THE HERTZ CORPORATION