Exhibit 1



ORIGINAL

1  Joshua G. Konecky (SBN 182897)
   Clint J. Brayton (SBN 192214)
2  W.H. "Hank" Willson, IV (SBN 233321)
   SCHNEIDER & WALLACE
3  180 Montgomery Street, Suite 2000
   San Francisco, California 94104
4  Tel: (415) 421-7100
   Fax: (415) 421-7105
5  TTY: (415) 421-1665
6

F I L E D
ALAMEDA COUNTY

SEP 0 6 2007

CLERK OF THE SUPERIOR COURT
By _____
                        Deputy

7  Attorneys for Plaintiffs and the proposed class

8

9                    SUPERIOR COURT OF CALIFORNIA

10                        COUNTY OF ALAMEDA

11

12  MELINDA FRIEND and JOHN NHIEU, on      Case No. ℣G  0 7 3 4 4 8 9 6
    behalf of themselves, and on behalf of all others
13  similarly situated,
                                            COMPLAINT FOR VIOLATIONS OF THE
14            Plaintiffs,                    LABOR CODE, INDUSTRIAL WELFARE
                                            COMMISSION WAGE ORDERS, AND
15     vs.                                   BUSINESS AND PROFESSIONS CODE
                                            §§17200, et seq.
16  HERTZ CORPORATION, and DOES 1 through
    50, inclusive,                          DEMAND FOR A JURY TRIAL
17
              Defendants.                    CLASS ACTION
18
                                            COMPLEX CASE
19

20

21        Plaintiffs Melinda Friend and John Nhieu ("Plaintiffs"), on behalf of themselves and all

22  others similarly situated, complain and allege as follows:

23                          **INTRODUCTION**

24        1.    This is a class action against Hertz Corporation ("Hertz") to challenge its policy and

25  practice of failing to pay its "Location Manager" (formerly called "Station Manager") and "Branch

26  Manager" employees their overtime wages, failing to provide its Location and Branch Managers

27  with the meal and rest periods to which they are entitled by law, and unlawfully taking from its

28

SCHNEIDER
& WALLACE

COMPLAINT FOR VIOLATIONS OF THE LABOR CODE AND BUSINESS AND PROFESSIONS CODE §§17200, *ET SEQ.*
*Friend, et al. v. Hertz Corp., et al.*
1

1    Location and Branch Managers vacation pay which they have earned without proper

2    compensation.

3         2.     Hertz maintains over 300 rental-car locations in California, and all of them employ

4    at least one Location Manager. Despite the fact that Location and Branch Managers spend the vast

5    majority of their time performing non-exempt tasks, Hertz refuses to pay them overtime

6    compensation for their overtime hours worked. These include: taking reservations from customers,

7    taking calls from customers with questions or complaints, moving cars on the lot, washing cars,

8    cleaning out cars, delivering keys to customers, jump-starting cars, cutting keys, putting gas in

9    cars, cleaning child seats, dispatching cars, assigning cars to customers, entering data into vehicle

10   inventory systems, parking cars, cleaning out the office refrigerator, cleaning the office, taking

11   contracts to vehicles or customers, moving boxes, assisting customers with the lost and found,

12   entering data regarding customers who do not pick up reserved vehicles, directing customers to

13   their vehicles, installing child seats, and checking customers at the gate before they leave the lot

14   with cars.

15        3.     In addition, Hertz's Location and Branch Managers are denied off-duty meal and rest

16   periods. Despite the fact that Location and Branch Managers have consistently been denied their

17   lawfully entitled meal and rest periods, Hertz has not offered to pay its Location and Branch

18   Managers an hour of pay for any missed meal or rest period.

19        4.     Hertz also maintains an unlawful "use it or lose it" policy with regards to accrued

20   vacation wages for its Location and Branch Managers. Hertz provides Location and Branch

21   Managers with set amounts of vacation time that they may accrue during a year, but any vacation

22   time that a Location or Branch Manager does not use by December 31 of one year is completely

23   eliminated, and as of January 1 of the following year, the Location or Branch Manager has lost all

24   unused vacation time which he or she may have accrued during the previous year. Hertz's failure

25   to pay rightfully earned vacation wages to its employees violates California law.

26        5.     As a result of these violations, Hertz is also liable for various other penalties under

27   the Labor Code, and for violation the Unfair Business Practices Act ("UCL"), Business and

28   Professions Code §§17200, *et seq.*

SCHNEIDER
& WALLACE

COMPLAINT FOR VIOLATIONS OF THE LABOR CODE AND BUSINESS AND PROFESSIONS CODE §§17200, *ET SEQ.*
*Friend, et al. v. Hertz Corp., et al.*

2

1    6.    Plaintiffs seek full compensation on behalf of themselves and all others similarly

2    situated for all unpaid overtime, denied meal and rest periods, and unpaid vacation wages, as well

3    as waiting time penalties.  Plaintiffs further seek penalties on behalf of themselves and the

4    proposed Class for Hertz's violations of the Labor Code and California Industrial Welfare

5    Commission ("IWC") wage orders.  Plaintiffs also seek declaratory and injunctive relief, including

6    restitution.  Finally, Plaintiffs seek reasonable attorneys' fees and costs under Labor Code §§218.5,

7    226(e), and 1194, and Code of Civil Procedure §1021.5.

8                                    **PARTIES**

9    7.    Plaintiff Melinda Friend was employed by Hertz as a Location Manager from

10   approximately January 2005 until August 30, 2007.  Plaintiff Friend is and at all relevant times has

11   been a resident of Gilroy in Santa Clara County, California.  Plaintiff Friend is an employee at

12   Hertz's location at the San Jose, California airport.  At all relevant times, she has been an

13   "employee" as that term is used in the California Labor Code and the IWC wage orders regulating

14   wages, hours and working conditions.

15   8.    Plaintiff John Nhieu was employed by Hertz as a Location Manager from

16   approximately January 2005 until August 2, 2007.  Plaintiff Nhieu is and at all relevant times has

17   been a resident of Milpitas in Santa Clara County, California.  Plaintiff Nhieu is an employee at

18   Hertz's location at the San Jose, California airport.  At all relevant times, he has been an

19   "employee" as that term is used in the California Labor Code and the IWC wage orders regulating

20   wages, hours and working conditions.

21   9.    Defendant Hertz is, and at all times has been, the largest rental-car company in the

22   country.  It has locations in airports, cities and towns across the country, and has more than 300

23   locations in California.

24   10.    At all relevant times, Hertz has done business under the laws of California, has had

25   places of business in California, including in this judicial district, and has employed Class

26   Members in this judicial district.  Hertz is a "person" as defined in California Labor Code §18 and

27   California Business and Professions Code §17201.  Hertz is also an "employer" as that term is

28

SCHNEIDER
& WALLACE

COMPLAINT FOR VIOLATIONS OF THE LABOR CODE AND BUSINESS AND PROFESSIONS CODE §§17200, *ET SEQ.*
*Friend, et al. v. Hertz Corp., et al.*
3

1   used in the California Labor Code and the IWC's Orders regulating wages, hours and working

2   conditions.

3      11.    Plaintiffs do not know the true names and capacities of Defendants sued herein as

4   DOES 1-50, and therefore sue these Defendants by fictitious names. Plaintiffs will amend their

5   complaint to state the true names and capacities when ascertained. Plaintiffs are informed and

6   believe and thereon allege that each of the fictitiously named Defendants is responsible in some

7   manner for the occurrences and damages alleged herein, and that Plaintiffs' damages as hereinafter

8   set forth were proximately caused by said Defendants.

9      12.    Plaintiffs are informed and believe and thereon allege that each of the Defendants

10   acted in concert with each and every other Defendant, intended to and did participate in the events,

11   acts, practices and courses of conduct alleged herein, and was a proximate cause of damage and

12   injury thereby to Plaintiffs as alleged herein.

13      13.    At all times herein mentioned, each Defendant was the agent or employee of each of

14   the other Defendants and was acting within the course and scope of such agency or employment.

15      14.    Throughout this Complaint, any reference to "Hertz" is intended to refer to all

16   Defendants jointly.

### JURISDICTION

18      15.    This Court has jurisdiction over Plaintiffs' and the Class Members' claims for

19   unpaid wages and denied meal and rest periods pursuant to the California Labor Code, including

20   Labor Code §§218 and 1194, and the wage orders of the IWC.

21      16.    This Court has jurisdiction over Plaintiffs' and the Class Members' claims for

22   injunctive relief, including restitution of earned wages and benefits, which are the money and

23   property of Plaintiffs and the Class Members, arising from Hertz's unfair competition under

24   Business & Professions Code §§17203 and 17204. This Court also has jurisdiction over Plaintiffs'

25   and the Class Members' claims for penalties in violation of the Labor Code pursuant to Business

26   and Professions Code §17202, as well as pursuant to the applicable Labor Code provisions.

27

28

SCHNEIDER
& WALLACE

COMPLAINT FOR VIOLATIONS OF THE LABOR CODE AND BUSINESS AND PROFESSIONS CODE §§17200, ET SEQ.
Friend, et al. v. Hertz Corp., et al.

4

## VENUE

17.     Venue as to Hertz is proper in this County pursuant to Code of Civil Procedure §395(a).  Hertz conducts business, employs Class Members, and has airport and other locations in this County, and the events complained of occurred in this County.

## FACTUAL ALLEGATIONS

18.     The policies and practices of Hertz, including failure to pay overtime wages, denial of meal and rest periods, failure to pay vacation wages, and failure to pay wages upon termination of employment, at all relevant times have been substantially similar, if not identical, throughout the different Hertz locations in California.

19.     Hertz fails to pay its Location and Branch Managers overtime compensation for overtime hours worked, in violation of Labor Code §510 and the applicable IWC wage orders. Hertz willfully classifies its non-exempt Location and Branch Managers as exempt from the overtime provisions of Labor Code §510 and the IWC wage orders.  Hertz's Location and Branch Managers are not exempt from California's overtime laws.  They have no discretion in making company policy, and they do not exercise the requisite discretion and independent judgment in the discharge of their duties.

20.     Hertz's Location and Branch Managers are regularly denied off-duty meal and rest periods.  They are frequently forced to eat while working, often have to skip their meal periods altogether, and rarely have a chance to take a rest break.  This is in violation of Labor Code §§226.7, 512 and the IWC wage orders.

21.     Hertz employs an unlawful "use-it-or-lose-it" policy regarding the vacation wages of its Location and Branch Managers.  Hertz maintains a policy whereby any accrued vacation hours which are not used by December 31 are completely eliminated on January 1 of the next year.  This policy violates Labor Code §227.3, which requires that employees be permitted to accrue vacation wages for a reasonable time.

22.     Hertz has also failed to pay wages due and owing promptly upon the end of employment of those Location and Branch Managers who have left their employment within the statutory period, in violation of Labor Code §§201-203, as a result of Hertz's failure to pay

SCHNEIDER & WALLACE

COMPLAINT FOR VIOLATIONS OF THE LABOR CODE AND BUSINESS AND PROFESSIONS CODE §§17200, *ET SEQ.*
*Friend, et al. v. Hertz Corp., et al.*
5

overtime and vacation wages, and its failure to properly compensate its Location and Branch

Managers for the meal and rest periods they are denied.

23.    Hertz's unlawful conduct has been widespread, repeated, and willful throughout its

California locations.  Hertz knew or should have known that its policies and practices have been

unlawful and unfair.

## CLASS ALLEGATIONS

24.    Plaintiffs bring this action on behalf of themselves and all others similarly situated

pursuant to California Code of Civil Procedure §382.  The Class that Plaintiffs seek to represent is

defined as follows:

> All individuals who are currently employed, or formerly have been employed, as Location
> Manager, Station Manager, or Branch Manager employees at Hertz Corporation locations in
> California, at any time within four years prior to the filing of this complaint until resolution
> of this action.

25.    This action has been brought and may properly be maintained as a class action under

Code of Civil Procedure §382 because there is a well-defined community of interest in the

litigation and the proposed class is easily ascertainable:

a.    Numerosity:  The potential members of the Class as defined are so numerous

that joinder of all the members of the Class is impracticable.

b.    Commonality:  There are questions of law and fact common to Plaintiffs and

the Class that predominate over any questions affecting only individual members of the

Class.  These common questions of law and fact include, without limitation:

i.    Whether Hertz's policy of classifying its Location and Branch

Managers as exempt from overtime compensation violates the California Labor

Code;

ii.    Whether Hertz's policy of classifying its Location and Branch

Managers as exempt from overtime compensation has been an unlawful, unfair or

fraudulent business act or practice in violation of Business and Professions Code

§17200 *et seq.*;

SCHNEIDER
& WALLACE

COMPLAINT FOR VIOLATIONS OF THE LABOR CODE AND BUSINESS AND PROFESSIONS CODE §§17200, *ET SEQ.*
*Friend, et al. v. Hertz Corp., et al.*

6

iii.    Whether Hertz's systemic failure to provide its Location and Branch Managers with an opportunity to schedule and take off-duty meal periods violates the California Labor Code and IWC wage orders;

iv.    Whether Hertz's systemic failure to schedule or otherwise ensure off-duty rest periods constitutes a violation of its legal obligation to authorize and permit off-duty rest periods;

v.    Whether Hertz's systemic failure to provide meal and rest breaks to its Location and Branch Managers has been an unlawful, unfair or fraudulent business act or practice in violation of Business and Professions Code §17200 *et seq.*;

vi.    Whether Hertz's systemic failure to schedule or otherwise ensure off-duty rest periods has been an unlawful, unfair or fraudulent business act or practice in violation of Business and Professions Code §17200 *et seq.*;

vii.    Whether Hertz's policy forbidding the reasonable accrual of vacation wages has been an unlawful, unfair or fraudulent business act or practice in violation of Business and Professions Code §17200 *et seq.*;

viii.    Whether Hertz's policy forbidding the reasonable accrual of vacation wages violates the California Labor Code;

ix.    Whether Hertz's policy and practice of failing to pay its Location and Branch Managers all wages due upon the end of their employment violates the California Labor Code;

x.    Whether Hertz's policy and practice of failing to pay its Location and Branch Managers all wages due upon the end of their employment has been an unlawful, unfair or fraudulent business act or practice in violation of Business and Professions Code §17200 *et seq.*;

xi.    The proper formula for calculating restitution, damages and penalties owed to Plaintiffs and the Class as alleged herein.

SCHNEIDER & WALLACE

COMPLAINT FOR VIOLATIONS OF THE LABOR CODE AND BUSINESS AND PROFESSIONS CODE §§17200, *ET SEQ.*
*Friend, et al. v. Hertz Corp., et al.*

7

c.      Typicality: Plaintiffs' claims are typical of the claims of the Class. Hertz's common course of conduct in violation of law as alleged herein has caused Plaintiffs and Class Members to sustain the same or similar injuries and damages. Plaintiffs' claims are thereby representative of and co-extensive with the claims of the class.

d.      Adequacy of Representation: Plaintiffs are members of the Class, do not have any conflicts of interest with other Class Members, and will prosecute the case vigorously on behalf of the Class. Counsel representing Plaintiffs are competent and experienced in litigating large employment class actions, including large minimum wage and overtime class actions. Plaintiffs will fairly and adequately represent and protect the interests of the Class Members.

e.      Superiority of Class Action: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each Class Member has been damaged and is entitled to recovery by reason of Defendants' illegal policies and/or practices. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

## FIRST CAUSE OF ACTION
**Failure to Pay Overtime Wages in Violation of Labor Code §§510 and 1194 and IWC Wage Orders**
(Against All Defendants)

26.     Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

27.     California Labor Code §510(a) provides as follows:

Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more

SCHNEIDER
& WALLACE

COMPLAINT FOR VIOLATIONS OF THE LABOR CODE AND BUSINESS AND PROFESSIONS CODE §§17200, *ET SEQ.*
*Friend, et al. v. Hertz Corp., et al.*
8

than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work.

28.    The IWC Wage Order 7-2001(3)(A)(1), 8 Cal. Code Regs. §11040, states:

(3)(A)(1)The following overtime provisions are applicable to employees 18 years of age or over and to employees 16 or 17 years of age who are not required by law to attend school and are not otherwise prohibited by law from engaging in the subject work. Such employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than:

One and one-half (1 ½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and

Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

29.    California Labor Code §1194(a) provides as follows:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

30.    California Labor Code §200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation." All such wages are subject to California's overtime requirements, including those set forth above.

31.    Hertz's across-the-board policy of classifying Plaintiffs and other Location and Branch Managers as exempt from the overtime pay entitlements has been unlawful. At no relevant time have Plaintiffs and the Class Members been primarily engaged in exempt duties. Neither Paragraph 1 of Wage Order 7-2001 nor any other provision of law has exempted Plaintiffs and other Class Members from the right to overtime pay. Hertz's Location and Branch Managers do not regularly exercise discretion and independent judgment in carrying out their job duties, and have no discretion in making company policy.

SCHNEIDER
& WALLACE

COMPLAINT FOR VIOLATIONS OF THE LABOR CODE AND BUSINESS AND PROFESSIONS CODE §§17200, *ET SEQ.* *Friend, et al. v. Hertz Corp., et al.*

9

32.     Plaintiffs and Class Members have worked overtime hours for Hertz without being paid overtime premiums in violation of the California Labor Code, IWC wage orders and other applicable law.

33.     Hertz has knowingly and willfully refused to perform its obligations to compensate Plaintiffs and the Class for all premium wages for overtime work.  As a proximate result of the aforementioned violations, Defendants have damaged Plaintiffs and the Class in amounts to be determined according to proof at time of trial, but in an amount in excess of the jurisdictional requirements of this Court.

34.     Defendants are liable to Plaintiffs and the Class alleged herein for the unpaid overtime and civil penalties, with interest thereon.  Furthermore, Plaintiffs are entitled to an award of attorneys' fees and costs as set forth below.

35.     Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

### SECOND CAUSE OF ACTION
**Failure to Provide Meal and Rest Periods**
**in Violation of California Labor Code §§226.7 and 512; IWC Wage Orders**
**(Against All Defendants)**

36.     Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

37.     California Labor Code §§226.7 and 512 and the applicable IWC wage orders require Hertz to provide meal and rest periods to its Location and Branch Managers.  Labor Code §§226.7 and 512 and the IWC wage orders prohibit employers from employing an employee for more than five hours without a meal period of not less than 30 minutes, and from employing an employee more than ten hours per day without providing the employee with a second meal period of not less than 30 minutes.  Section 226.7 and the applicable wage orders also require employers to provide employees ten minutes of net rest time per four hours or major fraction thereof of work, and to pay employees their full wages during those rest periods.  Unless the employee is relieved of all duty during the 30-minute meal period and ten-minute rest period, the employee is considered "on duty" and the meal or rest period is counted as time worked under the applicable wage orders.

38.     Under §226.7(b) and the applicable wage orders, an employer who fails to provide a

SCHNEIDER
& WALLACE

COMPLAINT FOR VIOLATIONS OF THE LABOR CODE AND BUSINESS AND PROFESSIONS CODE §§17200, *ET SEQ.*
*Friend, et al. v. Hertz Corp., et al.*
10

1    required meal period must, as compensation, pay the employee one hour of pay at the employee's

2    regular rate of compensation for each workday that the meal period was not provided.   Similarly,

3    an employer must pay an employee denied a required rest period one hour of pay at the employee's

4    regular rate of compensation for each workday that the rest period was not provided.

5        39.    Despite these requirements, Hertz has knowingly and willfully refused to perform its

6    obligations to provide Plaintiffs and the Class with the meal and rest periods to which they are

7    entitled. Hertz's conduct described herein violates California Labor Code §§226.7 and 512, and

8    the applicable wage orders.  Therefore, pursuant to Labor Code §226.7(b), Plaintiffs and the Class

9    are entitled to compensation for the failure to provide meal and rest periods, plus interest,

10   attorneys' fees, expenses and costs of suit.

11       40.    Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

12                        **THIRD CAUSE OF ACTION**
                **Failure to Pay Vacation Wages in Violation of Labor Code §227.3**
13                          (Against All Defendants)

14       41.    Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth

15   herein.

16       42.    In violation of Labor Code §227.3 and the applicable IWC Wage Orders, Hertz

17   maintains a policy that does not allow Plaintiffs and the Class Members to carry over any accrued

18   vacation hours into a new calendar year, no matter how many vacation hours an employee may

19   have accrued at that point.  This "use-it-or-lose-it" policy violates California law with respect to

20   vested vacation wages.

21       43.    Hertz has knowingly and willfully refused to perform its obligations to compensate

22   Plaintiffs and the Members of the Class for all wages earned.  As a proximate result of the

23   aforementioned violations, Hertz has damaged Plaintiffs and the Members of the Class in amounts

24   to be determined according to proof at time of trial, but in an amount in excess of the jurisdictional

25   requirements of this Court.

26       44.    Hertz is liable to Plaintiffs and the Class Members alleged herein for all unpaid

27   wages attributable to vacation time accrued, and penalties, with interest thereon.

28       45.    Plaintiffs are entitled to an award of attorneys' fees and costs as set forth below.

SCHNEIDER
& WALLACE

46.    Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

**FOURTH CAUSE OF ACTION**
**Unpaid Wages and Waiting Time Penalties Pursuant to Labor Code §§201-203**
(Against All Defendants)

47.    Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

48.    Labor Code §201 provides:

If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

49.    Labor Code §202 provides:

If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

50.    Labor Code §203 provides, in relevant part:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

51.    Class Members have left their employment with Hertz during the statutory period, at which time Hertz owed those Class Members their overtime wages. Hertz willfully refused and continues to refuse to pay Class Members all the wages that were due and owing them upon the end of employment. As a result of Hertz's actions, the Class has suffered and continues to suffer substantial losses, including lost earnings and interest.

52.    Hertz's willful failure to pay Class Members the wages due and owing them constitutes a violation of Labor Code §§201-202. As a result, Hertz is liable to Plaintiffs and the Class Members for all penalties owing pursuant to Labor Code §§201-203.

53.    In addition, §203 provides that an employee's wages will continue as a penalty up to thirty (30) days from the time the wages were due. Therefore, the Class is entitled to penalties pursuant to Labor Code §203, plus interest.

54.  .    Plaintiffs are entitled to an award of attorneys' fees and costs as set forth below.

55.    Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

SCHNEIDER & WALLACE

COMPLAINT FOR VIOLATIONS OF THE LABOR CODE AND BUSINESS AND PROFESSIONS CODE §§17200, *ET SEQ.*
*Friend, et al. v. Hertz Corp., et al.*
12

## FIFTH CAUSE OF ACTION
### Violation of California Business and Professions Code §§17200, *et seq.*
(Against All Defendants)

56.    Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

57.    California Business and Professions Code §§17200 *ets seq.* (also referred to herein as the "Unfair Business Practices Act," "Unfair Competition Law," or "UCL"), prohibits unfair competition in the form of any unlawful, unfair or fraudulent business acts or practices.

58.    California Business and Professions Code §17204 allows a person injured by the unfair business acts or practices to prosecute a civil action for violation of the UCL.

59.    Labor Code §90.5(a) states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

60.    Beginning at an exact date unknown to Plaintiffs, but at least since the date four years prior to the filing of this suit, Hertz has committed acts of unfair competition as defined by the Unfair Business Practices Act, by engaging in the unlawful, unfair and fraudulent business practices and acts described in this Complaint, including, but not limited to:

    a.  violations of Labor Code §§510 and 1194 and IWC wage orders pertaining to overtime;

    b.  violations of Labor Code §§226.7 and 512 and IWC wage orders pertaining to meal and rest breaks;

    c.  violations of Labor Code §227.3 and IWC wage orders pertaining to vacation wages; and

    d.  violations of Labor Code §§201-203.

61.    The violations of these laws and regulations, as well as of the fundamental California public policies protecting wages and discouraging overtime labor underlying them, serve as

SCHNEIDER
& WALLACE

COMPLAINT FOR VIOLATIONS OF THE LABOR CODE AND BUSINESS AND PROFESSIONS CODE §§17200, *ET SEQ.*
*Friend, et al. v. Hertz Corp., et al.*
13

1  unlawful predicate acts and practices for purposes of Business and Professions Code §§17200 *et*

2  *seq.*

3      62.    The acts and practices described above constitute unfair, unlawful and fraudulent

4  business practices, and unfair competition, within the meaning of Business and Professions Code

5  §§17200 *et seq.* Among other things, the acts and practices have taken from Plaintiffs and the

6  Class wages rightfully earned by them, while enabling Hertz to gain an unfair competitive

7  advantage over law-abiding employers and competitors.

8      63.    Business and Professions Code §17203 provides that a court may make such orders

9  or judgments as may be necessary to prevent the use or employment by any person of any practice

10  which constitutes unfair competition. Injunctive relief is necessary and appropriate to prevent

11  Hertz from repeating its unlawful, unfair and fraudulent business acts and business practices

12  alleged above.

13      64.    As a direct and proximate result of the aforementioned acts and practices, Plaintiffs

14  and the Class Members have suffered a loss of money and property, in the form of unpaid wages

15  which are due and payable to them.

16      65.    Business and Professions Code §17203 provides that the Court may restore to any

17  person in interest any money or property which may have been acquired by means of such unfair

18  competition. Plaintiffs and the Class are entitled to restitution pursuant to Business and

19  Professions Code §17203 for all wages and payments unlawfully withheld from employees during

20  the four-year period prior to the filing of this Complaint.

21      66.    Business and Professions Code §17202 provides: "Notwithstanding Section 3369 of

22  the Civil Code, specific or preventive relief may be granted to enforce a penalty, forfeiture, or

23  penal law in a case of unfair competition." Plaintiffs and Class Members are entitled to enforce all

24  applicable penalty provisions of the Labor Code pursuant to Business and Professions Code

25  §17202.

26      67.    Plaintiffs' success in this action will enforce important rights affecting the public

27  interest and in that regard Plaintiffs sue on behalf of themselves as well as others similarly situated.

28

SCHNEIDER
& WALLACE

COMPLAINT FOR VIOLATIONS OF THE LABOR CODE AND BUSINESS AND PROFESSIONS CODE §§17200, *ET SEQ.*
*Friend, et al. v. Hertz Corp., et al.*
14

1  Plaintiffs and the Class seek and are entitled to unpaid wages, declaratory and injunctive relief, and

2  all other equitable remedies owing to them.

3        68.    Plaintiffs herein take upon themselves enforcement of these laws and lawful claims.

4  There is a financial burden involved in pursuing this action, the action is seeking to vindicate a

5  public right, and it would be against the interests of justice to penalize Plaintiffs by forcing them to

6  pay attorneys' fees from the recovery in this action.  Attorneys' fees are appropriate pursuant to

7  Code of Civil Procedure §1021.5 and otherwise.

8        69.    Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

9  ### PRAYER FOR RELIEF

10  WHEREFORE, Plaintiffs pray for relief as follows:

11        1.    For an order certifying this action as a class action under California Code of Civil

12  Procedure §382, as alleged herein, appointing Plaintiffs as a Class Representatives, and Plaintiffs'

13  attorneys as Class Counsel;

14        2.    For a declaratory judgment that Hertz has violated the California Labor Code and

15  public policy as alleged herein;

16        3.    For a declaratory judgment that Hertz has violated Business and Professions Code

17  §§17200 *et seq.*, as a result of the aforementioned violations of the Labor Code and of California

18  public policy protecting wages;

19        4.    For preliminary, permanent and mandatory injunctive relief prohibiting Hertz, its

20  officers, agents and all those acting in concert with them, from committing in the future those

21  violations of law herein alleged;

22        5.    For an equitable accounting to identify, locate and restore to all current and former

23  employees the wages they are due, with interest thereon;

24        6.    For an order awarding Plaintiffs and the Class compensatory damages, including lost

25  wages, earnings and other employee benefits and all other sums of money owed to Plaintiffs and

26  Class Members, together with interest on these amounts, according to proof;

27        7.    For an order awarding Plaintiffs and the Class civil penalties pursuant to the Labor

28  Code provisions cited herein and the Unfair Business Practices Act, with interest thereon.

SCHNEIDER
& WALLACE

8.    For an award of reasonable attorneys' fees as provided by California Labor Code §§218.5 and 1194; California Code of Civil Procedure §1021.5; and/or other applicable law;

9.    For all costs of suit; and

10.    For such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: September 5, 2007                    SCHNEIDER & WALLACE

Hank Willson
Counsel for Plaintiffs

SCHNEIDER
& WALLACE

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all claims and issues for which Plaintiffs are entitled to a jury.

Respectfully submitted,

Dated:  September 5, 2007

SCHNEIDER & WALLACE

Hank Willson
Counsel for Plaintiffs

SCHNEIDER
& WALLACE

COMPLAINT FOR VIOLATIONS OF THE LABOR CODE AND BUSINESS AND PROFESSIONS CODE §§17200, *ET SEQ.*
*Friend, et al. v. Hertz Corp., et al.*
17