Exhibit 2

| | |
|---|---|
| 1  ANDREW J. OGILVIE (SBN 57932)<br>    KEMNITZER, ANDERSON, BARRON,<br>2      OGILVIE & BREWER LLP<br>3  445 Bush Street, Sixth Floor<br>    San Francisco, California 94108<br>4  Tel: 415/861-2265<br>    Fax: 415/861-3151<br>5<br>6  ROBERT J. STEIN III (CA SBN 212495), *of Counsel*<br>    DIVINCENZO SCHOENFIELD SWARTZMAN<br>7  33 N. LaSalle Street, 29th Floor<br>    Chicago, IL 60602<br>8  Telephone: (312) 943-8068<br>9  Facsimile: (312) 577-0964<br>10 STEPHEN T. RODD<br>   STEPHANIE AMIN-GIWNER<br>11 ORIN KURTZ<br>12 ABBEY SPANIER RODD & ABRAMS, LLP<br>   212 East 39th Street<br>13 New York, New York 10016<br>   Telephone: (212) 889-3700<br>14 Facsimile: (212) 684-5191 | ENDORSED<br>FILED<br><br>2007 SEP 10  P 12: 05 |

Attorneys for Robert Higareda and the putative class

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA

UNLIMITED JURISDICTION

| | |
|---|---|
| ROBERT HIGAREDA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE HERTZ CORPORATION, a Delaware Corporation,<br>Defendant. | CASE NO.: 107CV-09??7?<br><br>CLASS ACTION COMPLAINT:<br><br>1. FAILURE TO PAY OVERTIME COMPENSATION (CAL. LABOR CODE §§510, 1194 AND 1194.5)<br><br>2. FAILURE TO PROVIDE MEAL AND REST PERIODS (CAL. LABOR CODE §§512 and 226.7)<br><br>DEMAND FOR JURY TRIAL |

*Higareda v. The Hertz Corporation*, Santa Clara County Superior Court
Class Action Complaint

Plaintiff Robert Higareda ("Higareda" or "Plaintiff"), by and through his attorneys, on behalf of himself and all others similarly situated, alleges upon information and belief, except as to the allegations that pertain to himself and his counsel, which are based upon personal knowledge, as follows:

## NATURE OF THE ACTION

1. This is a class action brought against The Hertz Corporation ("Hertz") on behalf of all Location Managers (as that term is defined herein) employed by Hertz at its rental locations in California. This action alleges that Hertz failed to pay overtime wages and provide rest and meal breaks to its Location Managers in violation of California labor law and regulations.

## JURISDICTION AND VENUE

2. Venue is proper in this county under Business and Professions Code §17203 and Code of Civil Procedure §§395(a) and 395.5. Defendant transacts business and may be found within Santa Clara County. Many of the acts, as well as the course of conduct charged herein, occurred in Santa Clara County.

3. Defendant is within the jurisdiction of this Court. Hertz does tens of millions of dollars of business in the State of California and operates several rental car locations in Santa Clara County. Thus, Defendant has obtained the benefits of the laws of the State of California and the California rental car and labor markets.

## PARTIES

4. Plaintiff Robert Higareda is, and at all relevant times was, a competent adult residing in San Jose, California. Higareda commenced employment with Hertz as a Location Manager at the San Jose International Airport location in February 2002. Plaintiff was on leave from his employment at Hertz, in order to serve in the military, from October 2003 through July

2006. Upon return from his service in the military in September 2006, Plaintiff resumed his employment at Hertz as a Location Manager at the San Jose Airport location.

5. Defendant Hertz is a corporation organized and existing under the laws of the State of Delaware, with its corporate headquarters located at 225 Brae Boulevard, Park Ridge, New Jersey. Hertz rents and leases cars and light trucks, and operates its car rental business through on-airport and other locations (some of which are called "Hertz Local Editions" ("HLE")) throughout the United States, including the State of California. Defendant is, and at all relevant times was, doing business throughout the State of California, including Santa Clara County.

## CLASS ACTION ALLEGATIONS

6. Plaintiff brings this case as a class action pursuant to California Code of Civil Procedure §382 on behalf of a Class consisting of:

> all current and former employees of Hertz who have worked as "Location Managers"[1] at any Hertz location in the State of California from August 1, 1998 through the date of the entry of an order certifying a the class (the "Class Period").

7. The Class is so numerous that joinder of all members is impracticable. As set forth above, Hertz operates numerous rental car locations throughout the State of California. The exact number of Class members is unknown at this time and can only be ascertained from Hertz's records, but it is believed to be at least hundreds of persons.

8. Plaintiff's claims are typical of the claims of the other members of the Class, as Plaintiff and all other members of the Class sustained damages arising out of defendant's conduct in violation of the California labor laws as complained of herein.

---

[1] During the Class Period, Hertz changed the title of the position formerly known as "Station Manager" to Location Manager. As used in this Complaint, the term "Location Manager" includes "Senior Station Manager," Station Manager," and "Station Manager-B."

*Higareda v. The Hertz Corporation*, Santa Clara County Superior Court
Class Action Complaint

Page 3

9. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in complex class action litigation. Plaintiff has no interests that are contrary to or in conflict with those of the other members of the Class.

10. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class are:

   a) Whether California Labor Law Section 510 was violated by Defendants' acts as alleged herein;

   b) Whether California Labor Law Section 512 was violated by Defendants' acts as alleged herein;

   c) Whether California Labor Law Section 552 was violated by Defendant's acts as alleged herein;

   d) Whether Defendant illegally classified Plaintiff and the other Class members as exempt management; and

   e) Whether Plaintiff and the members of the Class have sustained damages and, if so, the proper measure of such damages.

11. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

12. Defendant has acted on grounds generally applicable to the entire Class, thereby making final relief appropriate with respect to the Class as a whole. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying

1  adjudications with respect to individual members of the Class that would establish incompatible
2  standards of conduct for Defendant.

3      13.    A class action is superior to other available methods for the fair and efficient
4  adjudication of this controversy since joinder of all members is impractical. Further, the amounts
5  at stake for many of the Class members, while substantial, are not great enough to enable them to
6  maintain separate suits against Defendant.

7      14.    Without a class action, Defendant will likely retain the benefit of its wrongdoing
8  and will continue a course of action, which will result in further damages to Plaintiff and the
9  Class. Plaintiff envisions no difficulty in the management of this action as a class action.

## FACTUAL ALLEGATIONS

15.    During the Class Period, Hertz employed numerous individuals, including Plaintiff, to work as Location Managers in its rental car locations throughout the State of California, including but not limited to, Santa Clara County. Plaintiff is informed and believes, and based thereon alleges, that Hertz has a corporate policy under which it automatically classifies all Location Managers as "exempt" from the overtime pay requirements of California labor law and regulations. However, Location Managers do not meet the exemption requirements under California law for such exempt status.

16.    Location Managers routinely work more than eight hours per and more than forty hours per work week. In addition, Location Managers are often required to work more than six days in seven.

17.    Defendant has not paid the Location Managers overtime wages during the Class Period.

18. Plaintiff Higareda regularly works a minimum of ten hours a day without any meal breaks, contrary to California law. At times, Plaintiff works six days consecutively without a day off. Higareda is aware of other Location Managers who have worked eight and nine days consecutively without a day off.

19. During the Class Period, Plaintiff Higareda routinely spent over fifty percent of his working hours performing the duties delegated to non-exempt (hourly) employees, including, but not limited to, renting cars, running keys, keying vehicles into ASAP for renting, running contracts and cleaning and moving cars.

20. Plaintiff Higareda does not exercise discretion and independent judgment on matters of significance. Plaintiff Higareda and the other Class members lack the authority to hire, fire, promote, demote and set and adjust the salaries of other Hertz employees.

21. Defendant denies Plaintiff and the other Class members meal and rest breaks and other incidents and conditions of employment in California, which are required for non-exempt employees pursuant to California labor law and regulations.

22. During the Class Period, Defendant wrongfully withheld from Plaintiff and the other Class members and failed to pay to them wages and compensation which was due to them for overtime work, for meal and rest breaks and as otherwise required pursuant to the California labor laws and regulations.

23. Plaintiff and the other Class members seek payment of overtime wages and other compensation owed to them, plus all benefits required pursuant to the California labor laws and regulations based on the sums that were withheld from them. Plaintiff and the other Class Members also seek all benefits required pursuant to the California labor laws and regulations

based on the sums that were withheld from them by Defendant plus penalties and interest, attorney's fees and costs as provided by statute.

## FIRST CAUSE OF ACTION

**(For Failure to Pay Overtime Compensation:
California Labor Code §§510, 1194, 1194.5)**

24. Plaintiff adopts by reference herein as if set forth fully herein each and every allegation set forth in this Complaint.

25. During the Class Period, defendant routinely required the Location Managers, including plaintiff, to work in excess of eight hours per day and forty hours per workweek. In addition, Plaintiff and the other Class members were frequently required to work more than six days in seven. However, Defendant failed to and refused to pay Plaintiff and the other Class Members overtime compensation as required by the California Labor Code §510.

26. Plaintiff and the other Class members have been deprived of their rightfully earned overtime compensation as a direct and proximate result of defendant's corporate policies and failure and refusal to pay said compensation. Plaintiff and the other Class members are entitled to recovery of such amounts, plus interest thereon, attorneys' fees and costs.

## SECOND CAUSE OF ACTION

**(For Failure to Provide Meal and Rest Breaks:
California Labor Code §§ 512, 226.7)**

27. Plaintiff adopts by reference herein as if set forth fully herein each and every allegation set forth in this Complaint.

28. During the Class Period, Defendant routinely failed to provide Plaintiff and the other Class members with meal and rest periods during their work shifts, and failed to compensate

them for said meal and rest periods, as required by California Labor Code §226.7 and the other applicable sections of the California labor law and regulations.

29. Plaintiff and the other Class members have been deprived of their rightfully earned compensation for meal and rest periods as a direct and proximate result of Defendant's corporate policies and failure and refusal to pay said compensation. Plaintiff and the other Class members are entitled to recovery of such amounts pursuant to California Labor Code §226.7(b), plus interest thereon, attorneys' fees and costs.

### THIRD CAUSE OF ACTION

**(For Unfair Competition, California Business & Professions Code §17200, *et seq.*)**

30. Plaintiff adopts by reference herein as if set forth fully herein each and every allegation set forth in this Complaint.

31. Defendant's violations of the California labor laws and regulations as alleged herein, including defendant's misclassification of Plaintiff and the other Class members as exempt employees, Defendant's failure and refusal to pay overtime wages, and defendant's failure to provide meal and rest breaks, constitute unfair business practices in violation of California Business & Professions Code Section 17200, *et seq.*

32. As a result of Defendant's unfair business practices, Defendant has reaped unfair benefits and illegal profits at the expense of Plaintiff, the other Class members and the members of the public. Defendant should be made to disgorge its ill-gotten gains and restore such monies to Plaintiff and the other Class members.

33. Defendant's unfair business practices entitle Plaintiff and the other Class members to seek preliminary and permanent injunctive relief, including, but not limited to, ordering Defendant to account for and disgorge its ill-gotten profits and provide full restitution to Plaintiff

and the other Class members in an amount not less than the overtime compensation unlawfully withheld from them and further ordering Defendant to cease its illegal conduct.

WHEREFORE, plaintiff Robert Higareda and the Class pray that the Court enter judgment in his favor and against defendant The Hertz Corporation, as follows:

1. Awarding all compensable damages, including unpaid overtime wages and meal and rest period compensation as provided for under California Labor Law in an amount to be ascertained at trial;

2. Awarding disgorgement and/or restitution of overtime wages and meal and rest period compensation pursuant to California Bus. & Prof. Code §17200 in an amount to be ascertained at trial;

3. Awarding prejudgment interest at the legal rate;

4. Awarding reasonable attorney fees;

5. Awarding costs of suit incurred herein;

6. Awarding appropriate preliminary and permanent injunctive relief; and

7. Awarding such further relief as the Court may deem appropriate.

Dated: August 31, 2007

KEMNITZER, ANDERSON, BARRON,
OGILVIE & BREWER LLP

Andrew / Og. L
Andrew J. Ogilvie
445 Bush Street, Sixth Floor
San Francisco, California 94108
Tel: 415/861-2265
Fax: 415/861-3151

```
 1     Stephen T. Rodd
       Stephanie Amin-Giwner
 2     Orin Kurtz
       ABBEY SPANIER RODD & ABRAMS, LLP
 3     212 East 39th Street
       New York, New York 10016
 4     Telephone: (212) 889-3700
       Facsimile:  (212) 684-5191
 5
 6
       Robert J. Stein III (CA SBN 212495), of Counsel
 7     DIVINCENZO SCHOENFIELD SWARTZMAN
       33 N. LaSalle Street, 29th Floor
 8     Chicago, IL 60602
       Telephone: (312) 943-8068
 9     Facsimile: (312) 577-0964
10
11     Counsel for Plaintiff and the Class
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
```