Exhibit 3

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MELINDA FRIEND, et al.,

            Plaintiffs,

   v.

HERTZ CORPORATION,

            Defendant

No. C-07-5222 MMC

**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND; VACATING HEARING**

Before the Court is plaintiffs' motion to remand, filed November 27, 2007. Defendant has filed opposition, to which plaintiffs have replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision thereon, VACATES the hearing scheduled for January 4, 2008, and rules as follows.

**BACKGROUND**

In their complaint, initially filed in state court, plaintiffs allege state law claims on behalf of a class, arising from defendant's asserted failure to provide the class "overtime wages, "meal and rest breaks," and "vacation pay." (See Compl. ¶ 1.) On October 11, 2007, defendant removed the action to district court, alleging diversity jurisdiction under 28 U.S.C. § 1332(d)(2), which provides that a district court has jurisdiction over a class action in which the matter in controversy exceeds $5,000,000 and "any member of a class of

1   plaintiffs is a citizen of a State different from any defendant." <u>See</u> 28 U.S.C. § 1332(d)(2).

2   In the Notice of Removal, defendant alleges the amount in controversy exceeds

3   $5,000,000, that each class member is a citizen of California, and that defendant is a

4   citizen of Delaware, its state of incorporation, and of New Jersey, its principal place of

5   business. By the instant motion, plaintiffs argue that defendant has failed to show that its

6   principal place of business is a state other than California, and, consequently, has failed to

7   establish the existence of diversity of citizenship.

8                   **LEGAL STANDARD**

9       Once an action has been removed, "[i]f at any time before final judgment it appears

10   that the district court lacks subject matter jurisdiction, the case shall be remanded." <u>See</u>

11   28 U.S.C. § 1447(c). In considering the propriety of removal, a district court must "strictly

12   construe the removal statute against removal jurisdiction," and jurisdiction "must be

13   rejected if there is any doubt as to the right of removal in the first instance." <u>See</u> <u>Gaus v.</u>

14   <u>Miles, Inc.</u>, 980 F. 2d 564, 566 (9th Cir. 1992). This "'strong presumption' against removal

15   jurisdiction means that the defendant always has the burden of proving that removal is

16   proper." <u>See</u> <u>id.</u>

17                    **DISCUSSION**

18       Plaintiffs do not dispute that the amount in controversy exceeds $5,000,000, that

19   each class member is a citizen of California, and that defendant is incorporated in

20   Delaware. Consequently, in order to meet its burden of demonstrating removal is proper,

21   defendant must establish that its principal place of business is a state other than California.

22       Where the majority of a corporation's business activity does not take place in one

23   state, the state in which the corporation's business activity is "significantly larger than any

24   other state in which the corporation conducts business" is the corporation's principal place

25   of business. <u>See</u> <u>Tosco Corp. v. Communities for a Better Environment</u>, 236 F. 3d 495,

26   500-02 (9th Cir. 2001). In determining whether a corporation's business activity

27   "substantially predominates in a given state," a district court must make a "comparison of

28   that corporation's business activity in the state at issue to its business activity in other

1  individual states." See id. at 500.  In making such comparison, the court "employs a

2  number of factors," including "the location of employees, tangible property, production

3  activities, sources of income, and where sales take place."  See id.; id. at 497, 500-02

4  (holding that although corporation did not employ plurality of employees in California, but

5  did have plurality of manufacturing and retailing locations in California, and generated

6  plurality of sales in California, California was principal place of business).  If, however, "no

7  state contains a substantial predominance of a corporation's business activities," the

8  corporation's principal place of business is its "nerve center," which is "the state where the

9  majority of its executive and administrative functions are performed." See id. at 500

10 (applying "place of operations test"; noting corporation failed to offer sufficient evidence of

11 business activity in other state that could "reasonably compare" to amount of operations in

12 California).

13     Here, defendant's position is that it does not have a substantial predominance of its

14 activities in California or any other state and, as a result, its principal place of business is

15 New Jersey, where it performs the majority of its "core executive and administrative

16 functions."  (See Memmelaar Decl. ¶ 11.)  In support of its argument, defendant submits

17 evidence as to several of the Tosco factors.  Specifically, defendant offers evidence of the

18 location of its employees, tangible property, sources of income, and where its sales

19 (rentals) occur.  As to every one of these factors, the plurality of activity occurs in

20 California, and the next greatest amount of activity occurs in Florida:  2299 of defendant's

21 employees work in California (20.5% of its employees), compared to 1602 employees in

22 Florida (14.3% of its employees); 273 of defendant's "profit-center rental locations" are

23 located in California (17% of its tangible property), as compared to 155 such locations in

24 Florida (9.7% of its tangible property);[1] in the last year for which information is available,

25 defendant earned $811 million from its operations in California (18.6% of its earned

26 revenue), as compared to $505 million in Florida (11.6% of its earned revenue); and, in the

27 _____

28  [1]Defendant provides no information as to the location of any tangible property other
    than such rental locations.

                                    3

1   last year for which information is available, defendant "processed" 3,801,000 rentals in

2   California (18.2% of its rentals), as compared to 2,245,000 rentals in Florida (10.7% of its

3   rentals). (See Memmelaar Decl. ¶¶ 6-9.)[2] Put another way, defendant employs over 43%

4   more employees in California than in Florida, holds over 75% more tangible property in

5   California than in Florida, earns over 60% more revenue in California than in Florida, and

6   processes over 70% more rentals in California than in Florida.

7         Where, as here, a plurality of each of the relevant business activities is in one state,

8   and the differential between the amount of those activities in that state and the next closest

9   state is "significant," see Tosco, 236 F. 3d at 500, the former state is the corporation's

10   principal place of business. See, e.g., Ghaderi v. United Airlines, Inc., 136 F. Supp. 2d

11   1041, 1047-48 (N.D. Cal. 2001) (holding where corporation did not conduct majority of

12   activities in any state, but where its activity in each relevant category was "between 20%

13   and 33% greater in California than it is in [next closest state]," California was corporation's

14   principal place of business); Arellano v. Home Depot U.S.A., 245 F. Supp. 2d 1102, 1106-

15   1108 (S.D. Cal. 2003) (holding where corporation employed plurality of workforce in

16   California, but owned more tangible property in both Georgia and Texas than in California,

17   California was not corporation's principal place of business). As the Ninth Circuit observed

18   in Tosco, a corporation that is a "major employer and business operator in California," even

19   though it conducts business in most states and does not conduct the majority of its

20   operations in California, "is not the type of litigant that diversity jurisdiction was designed to

21   protect. See Tosco, 236 F. 3d at 502.

22         Defendant argues that where a corporation's business activities are "spread among

23   many states," no one state should be considered to be "dominant" over the others.[3] (See

24   Def.'s Opp. at 4:6-7.) Defendant's argument, was implicitly rejected by the Ninth Circuit in

25

---

26     [2]The figures provided by defendant as to location of employees and tangible
property are for the quarter ending June 30, 2007, (see id. ¶¶ 6-7); the figures provided as

27   to source of income and place of rentals are for the year 2006, "the last full year for which
data is available," (see id. ¶¶ 8-9).

28     [3]Defendant does business in 44 states. (See Memmelaar Decl. ¶ 10.)

1  Tosco, in which the corporation therein did business in at least 34 states, see Tosco, 236 F.

2  3d at 497, 501 (holding California was corporation's principal place of business).[4]

3  Defendant also asks the Court to take judicial notice of the fact that California's population

4  is larger than that of Florida, and argues its substantially greater presence in California is a

5  reflection of California's larger population.  Again, defendant's argument has been implicitly

6  rejected by the Ninth Circuit; in Tosco, the Ninth Circuit compared the actual amount of

7  activity in California to that in the next closest states, and did not adjust the figures to

8  compensate for differences in population.  See id. at 497, 500-02.

9       In sum, the Court finds defendant has failed to meet its burden to show its principal

10  place of business is other than California.  Accordingly, defendant has failed to establish

11  that the Court has subject matter jurisdiction over the instant action.

12  **CONCLUSION**

13       For the reasons stated, plaintiffs' motion to remand is hereby GRANTED, and the

14  above-titled action is hereby REMANDED to the Superior Court of the State of California, in

15  and for the County of Alameda.

16       **IT IS SO ORDERED.**

17

18  Dated: January 15, 2008

19                         MAXINE M. CHESNEY
                       United States District Judge

20

21

22

23

24

25

26       [4]Indeed, as noted, the Ninth Circuit found California to be the corporation's principal
place of business, even though the plurality of activity with respect to one relevant factor

27  was not in California.  See id. at 500-02 (holding, where 24% of corporation's employees
worked in Arizona, as compared to 21% in California, California nonetheless was

28  corporation's principal place of business, because corporation's activity in California
otherwise "outweigh[ed]" its activity in Arizona or any other state).