Exhibit 5



**::THELEN**

*Thelen Reid Brown Raysman & Steiner LLP*

Robert A. Dolinko

415.369.7180 Direct Dial
415.369.8642 Direct Fax

radolinko@thelen.com

101 Second Street   Suite 1800   San Francisco, CA 94105
Phone: 415 371 1200   Fax: 415 371 1211
www.thelen.com

February 19, 2008

Stephanie Amin-Giwner, Esq.
**ABBEY, SPANIER, RODD & ABRAMS, LLP**
212 E. 39th Street
New York, New York 10016

      **Re:**    **Robert Higareda v. The Hertz Corporation**
              **Case No. C-07-5268-JW**

Dear Stephanie:

This is in response to your February 15, 2008 letter regarding Plaintiff's deposition, which currently is scheduled for February 29, 2008, and your request for an extension with request to discovery.

Based on information provided by Mr. Higareda at the time of his current deployment, we understand that he will not return from Iraq until August 2008. For the reasons set forth below, this is to request that you agree to a voluntary dismissal of this action or, assuming the court is willing to do so, a stay of all proceedings until your client returns from Iraq.

The allegations of Plaintiff's putative class action complaint are substantially similar, if not identical, to the allegations contained in Melinda Friend and John Nhieu's putative class action lawsuit against Hertz, i.e., that Hertz Location Managers have been misclassified as exempt employees. Both Friend and Nhieu were Location Managers at Hertz' San Jose Airport rental operation and, notwithstanding his military leave, Plaintiff Higareda currently is employed as a Location Manager at that same airport operation. Consequently, the two lawsuits involve identical claims of alleged misclassification of three individuals at the San Jose Airport operation, plus allegations regarding the alleged misclassification of putative class members.

**∷THELEN**

Thelen Reid Brown Raysman & Steiner LLP

Ms. Stephanie Amin-Giwner
February 19, 2008
Page 2

The *Friend and Nhieu* lawsuit was filed on September 6, 2007 in Alameda County Superior Court, whereas Mr. Higareda's complaint was filed on September 10, four days later. Under the abstention doctrine enunciated in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), and its progeny, a federal court can dismiss or stay proceedings in a matter when there is a parallel action pending in state court. The *Colorado River* abstention doctrine is rested on "considerations of '(w)ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Id.* at 817 (*quoting Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183 (1952). Under the doctrine, courts have developed several factors to determine whether abstention is appropriate, including: "(1) whether either court has assumed jurisdiction over a *res*; (2) the relative convenience of the forums; (3) the desirability of avoiding piecemeal litigation; . . . (4) the order in which the forums obtained jurisdiction[;] . . . (5) whether state or federal law controls and (6) whether the state proceeding is adequate to protect the parties' rights." *Nakash v. Marciano*, 882 F.2d 1411, 1415 (9th Cir. 1989)(citing factors outlined in *Colorado River* and *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1 (1983)). Although the first factor does not apply to this situation, the remaining factors are either neutral or favor staying your client's lawsuit.

While the named Plaintiffs are obviously different for the two pending state and federal actions, this is of no import as they are putative class actions seeking to represent the same potential class members, Hertz' California Location Managers. Moreover, both the currently pending state and federal class actions raise the same claims, arise out of the same factual background and seek similar damages. Under such circumstances, we are confident that a court would not hesitate to determine that the two actions are parallel and that the *Colorado River* abstention doctrine applies so as to stay your client's action. *See, e.g., Romine v. Compuserve Corp.*, 160 F.3d 337 (6th Cir. 1998)(applying *Colorado River* abstention doctrine and concluding that federal class action should be stayed where there was a pending state court action with the same putative class and more comprehensive claims arising out of the same factual background); *Waterbury v. Safeway, Inc.*, 2006 WL 3147687 (N.D. Cal. Oct. 31, 2006)(applying *Colorado River* abstention and staying federal Fair Labor Standards Act lawsuit where a parallel lawsuit under California labor law for improper classification, denial of overtime, denial of meal and rest periods, and other claims was pending in state court).

**::THELEN**

*Thelen Reid Brown Raysman & Steiner LLP*

Ms. Stephanie Amin-Giwner
February 19, 2008
Page 3

In addition, and regardless of whether this rule applies, our understanding is that Mr. Higareda will not return from active duty until August 2008, some six months from now. Consequently, we fail to see how "Plaintiff [will be able to] fairly and adequately protect the interests of the members of the class," as alleged in paragraph 9 of his Complaint. *See, e.g., Evans v. IAC/Interactive Corp.*, 244 F.R.D. 568 (C.D. Cal. 2007)(". . . failure to comply with reasonable disclosure obligations or discovery requests [is a] factor[] that suggests class representative is inadequate"); *Cavin v. Home Loan Center, Inc.*, 236 F.R.D. 387, 394 (N.D. Ill. 2006)(a putative class representative's "willingness and ability to participate in discovery" is a factor for determining adequacy of representation prong of class certification analysis). In addition, it seems manifestly unfair for Plaintiff's counsel to be allowed to engage in months of sweeping and burdensome class action discovery, as reflected by your First Request for Production of Documents, while Defendant is precluded from determining whether Plaintiff even has a viable claim of misclassification. *See, e.g., Ross v. U.S. Bank Nat. Assn.*, 2008 WL 413740 (N.D. Cal. Feb. 13, 2008)(granting defendant's motion to dismiss class claims for certain causes of action for which named plaintiffs did not have a viable cause of action and for which no class had been certified). *See also, Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, (9th Cir. 2003)(where "none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class").

Finally, a dismissal or stay of Mr. Higareda's claims will have absolutely no prejudicial impact on him. In this regard, the Soldiers and Sailors Relief Act, 50 App. U.S.C. § 525, (the "Act"), provides that a "period of military service shall not be included in computing any period now or hereafter to be limited by any law, regulation or order for the bringing of any action or proceeding in any court . . . ." Thus, the Act specifically provides that the statutes of limitation which apply to all of Mr. Higareda's claims are tolled during the period of his military service. Furthermore, the Act provides district courts with discretion, on their own motion, to stay an action during a period of active service. *See*, 50 App. U.S.C. § 522 ("[a]t any stage before final judgment in a civil action or proceeding in which a servicemember . . . is a party, the court may on its own motion . . . stay the action for a period of not less than 90 days . . ."). As described above, Mr. Higareda's service precludes Hertz from being able to depose him for at least the next six months, during which time we expect you will be engaged in significant discovery with respect to class-wide allegations, despite our inability to determine whether the named Plaintiff even has a viable claim of misclassification. In comparison, Mr. Higareda will suffer no prejudice from the dismissal or stay of this action since the applicable statutes of limitation are tolled and, regardless, he is a putative class member in an earlier filed action which alleges the same claims as contained in his lawsuit.


Thelen Reid Brown Raysman & Steiner LLP

Ms. Stephanie Amin-Giwner
February 19, 2008
Page 4

For all the foregoing reasons, this is to request that you consent to either the voluntary dismissal of this action or that it be stayed until Mr. Higareda returns from his current deployment. With respect to the 30-day extension to respond to outstanding interrogatories and document requests, that is agreeable provided you afford Defendant a 30-day extension to respond to the outstanding document requests served by Plaintiff on January 28th. Please advise us of your position on both matters by the end of this week.

Very truly yours,

Robert A. Dolinko

Robert A. Dolinko