Exhibit 6

1  KEMNITZER, ANDERSON, BARRON, OGILVIE & BREWER LLP
   Andrew J. Ogilvie (State Bar No. 57932)
2  ajogil@kabolaw.com
3  445 Bush Street, Sixth Floor
   San Francisco, California 94108
4  Tel: 415/861-2265
   Fax: 415/861-3151
5

6
                 UNITED STATES DISTRICT COURT
7                NORTHERN DISTRICT OF CALIFORNIA

8

9  ROBERT HIGAREDA, on behalf of himself      CASE NO. C-07-5268 HRL
   and all others similarly situated,
10
                    Plaintiff,
11
12                     v.

13 THE HERTZ CORPORATION, a Delaware
   Corporation,
14
15                  Defendant.

16

17         **PLAINTIFF ROBERT HIGAREDA'S FIRST REQUEST FOR
      PRODUCTION OF DOCUMENTS TO DEFENDANT THE HERTZ CORPORATION**
18

19         PLAINTIFF HEREBY REQUESTS, pursuant to Rule 34 of the Federal Rules of Civil

20 Procedure, that Defendant, The Hertz Corporation, respond to the following Requests for
21
22 Production of Documents and provide responses and documents, in a machine readable form (as

23 defined below), within thirty (30) days from the date of service for examination and photocopying

24 at the offices of Kemnitzer, Anderson, Barron, Ogilvie & Brewer LLP, 445 Bush Street, Sixth

25 Floor, San Francisco, California, 94108.

26

27

28

## DEFINITIONS

The following definitions and instructions are applicable to each request unless otherwise explicitly stated. Except as specifically defined below, the terms used in these requests shall be construed and defined in accordance with the Federal Rules for Civil Procedure and the Local Rules for the Northern District of California, whenever applicable. Any terms not otherwise defined shall be given their plain and ordinary meaning.

1.    "Hertz" refers to defendant The Hertz Corporation, a Delaware corporation, and its parent, subsidiaries, divisions, predecessors, officers, agents and all other persons acting or purporting to act on behalf of defendant or its parent, subsidiaries or predecessors, including all past or present employees exercising discretion in making policy decisions or implementing policy regarding employee exemptions, meal and break periods, hourly employee workloads, management workloads, and overtime compensation.

2.    "You" or "your" shall mean "Hertz."

3.    "Document(s)" is used in the broadest possible sense under F.R.C.P. 34, including but not limited to any physical object, physical medium, or electrical, electronic, magnetic electromagnetic, or optical pattern in, on, or by means of which any information or any representation of any information has been intentionally, electrically, electronically, mechanically, or automatically stored, recorded, encoded, or embodied, whether temporarily or permanently. By definition, non-identical copies of the same document are different original documents, and different types of media containing identical information are different original documents.

4.    "Concerning" means relating to, referring to, describing, evidencing, or constituting.

5.    "Communication" and "Communications" are used in a comprehensive sense, and shall mean and include every conceivable manner or means of disclosure, transfer or exchange of oral or written information (in the form of facts ideas, inquiries or otherwise) between one or more persons or entities including, but not limited to, writings, documents, inter- and intra-office memoranda, correspondence, meetings, conferences, conversations, and/or agreements, whether face-to-face, by telephone, by mail, by e-mail, by telecopier, by telex, by computer or otherwise.

6.    "Statement" means an oral or written declaration, remark, fact or opinion.

7.    "Relevant Period" means January 1, 2003 through the present.

8.    "Location Manager" means Hertz employees with the title Location Manager. "Location Manager" includes, but is not limlited to, employees who previously were employed by Hertz as "Station Manager," "Senior Station Manager," "Station Manager-B" and "Branch Manager."

9.    "Management Exemption" is defined as it is used in the California Labor Code Section 515 and any exemptions promulgated thereunder by the California Industrial Welfare Commission.

10.    "Exempt" means excluded from the minimum wage and maximum hour requirements of California Labor Code Section 515 and any exemptions promulgated thereunder by the California Industrial Welfare Commission.

11.    "Machine-readable" means maintained on any electronic or optical storage medium, including but not limited to hard disk, floppy disk, tape, compact disk, digital video disk, and removable disks and cartridges.  All documents produced in a machine readable format shall clearly state the format and program necessary to read the data.

12.    "Pending Litigation" means the above-captioned case.

13.    "New York Litigation" means *Myers v. The Hertz Corporation*, No. 02-Civ-4325 (RRM) (MLO) (E.D.N.Y. 2002).

### INSTRUCTIONS

1.    In responding to these requests, Defendant is required to produce all responsive documents that are in the possession, custody, or control of any of them or any of their agents or managers or to which Defendant has a right to possession that is equal or superior to the person who has physical possession of the item.

2.    All documents that respond, in whole or in part, to any portion of the production requests below shall be produced in their entirety, including all attachments and enclosures, organized and labeled to correspond to the categories in the request.

3.    In construing these requests, the plural includes the singular, the singular includes the plural, and a masculine, feminine, or neuter term includes all genders.

4.    If an objection or privilege is asserted as to any document requested, state the specific ground for failing to produce the document and identify the document by date, author(s), recipient(s), the person(s) sending the document, number of pages, and its subject matter, or produce a log setting forth such information.

5.    Notwithstanding a claim that a document is protected from disclosure, any document so withheld must be produced with the portion claimed to be protected excised.

6.    If you object to any Request, you should respond fully and completely to that part of the Request you do not object to and state the basis of the objection to the remainder of the Request with sufficient particularity to allow the court to rule on the objection.

7.    The terms "and" and "or" are to be constructed either disjunctively or conjunctively, whichever will bring within the scope of these Requests any information or documents which otherwise might be considered beyond their scope.

8.    If any requested document was formerly in your possession, custody or control and has been lost, destroyed, or otherwise disposed of, please submit in lieu of each such document a written statement which:

(a)    describes in detail the nature of the document and its contents;

(b)    identifies the person(s) who prepared or authored the document, and if applicable, the person(s) to whom the document was sent;

(c)    specifies the date on which the document was prepared or transmitted; and

(d)    specifies the date on which the document was lost, destroyed, or otherwise disposed of, the conditions of, or any reasons for such destruction or other disposition, and the person(s) requesting and performing the destruction or disposition.

9.    If, in answering these Requests, you claim any ambiguity in interpreting either the Request or any definition or instruction, that claim shall not be used as a basis for refusing to answer, but there shall be set forth as a part of the response the language deemed to be ambiguous and the interpretation chosen or used in answering the Request.

10.    You are hereby requested to supplement each and every response as new information is discovered or becomes available, from now until trial. You are also under a continuing duty to correct any incorrect responses.

<u>PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS</u>

<u>REQUEST FOR PRODUCTION NO. 1:</u>

All documents concerning Hertz's policies on classifying Location Managers as Exempt.

<u>REQUEST FOR PRODUCTION NO. 2:</u>

All documents concerning the criteria for classifying Location Managers as Exempt pursuant to the Management Exemption.

<u>REQUEST FOR PRODUCTION NO. 3:</u>

All documents concerning Hertz's policies on rest and meal breaks for its Location Managers.

<u>REQUEST FOR PRODUCTION NO. 4:</u>

All job descriptions for the position of Location Manager during the Relevant Period.

<u>REQUEST FOR PRODUCTION NO. 5:</u>

All job descriptions for the position of "Senior Station Manager" during the Relevant Period.

<u>REQUEST FOR PRODUCTION NO. 6:</u>

All job descriptions for the position of "Station Manager" during the Relevant Period.

<u>REQUEST FOR PRODUCTION NO. 7:</u>

All job descriptions for the position of "B-Manager" during the Relevant Period.

<u>REQUEST FOR PRODUCTION NO. 8:</u>

All job descriptions for the position of "City Manager" during the Relevant Period.

<u>REQUEST FOR PRODUCTION NO. 9:</u>

All job descriptions for the position of "Branch Manager" during the Relevant Period.

1 | REQUEST FOR PRODUCTION NO. 10:

2 |      All Employee Handbooks in effect for the Relevant Period.  For purposes of this Request,

3 | employee handbook shall mean all employee handbooks or policy manuals in use at Hertz during

4 | the Relevant Period.  If the employee handbooks are different for hourly and salaried employees

5 | and/or between Managers and other employees, please provide the handbooks for the Relevant

6 | Period for each class of employees identified by class of employee.

7 |

8 | REQUEST FOR PRODUCTION NO. 11:

9 |      All machine-readable personnel files, records, directories or subdirectories for all your

10 | current and former employees (including but not limited to hourly and managerial employees) at

11 | your California locations for the Relevant Period, which contain information regarding personnel

12 | actions and dates of those actions including hiring, promotion, demotion, transfer, training,

13 | termination, leave of absence, discharge, performance evaluation, disciplinary action,

14 | commendation, job assignment, job title, job code, salary, pay grade, hourly pay rate, work shift,

15 | work location, work department, work dates, work schedules, pay, hours worked, original and

16 | edited time clock action, time clock punch exceptions, as well as demographic information

17 | identifying each employee by name, sex, race, social security number, date of birth, date of hire,

18 | date of termination, last known address, and telephone number.

19 | REQUEST FOR PRODUCTION NO. 12:

20 |      All organizational charts, job progression lists, personnel manuals, workforce profiles,

21 | employee relations policies, collective bargaining agreements, employee operating policies,

22 | employee leave policies, employee layoff policies, employee retirement policies, employee

23 | retirement plans, employee health insurance plans, employee savings policies, employee deferred

24 | compensation plans, employee savings plans, employee life insurance plans, employee discipline

policies, employee discipline procedures, employee performance evaluation forms, employee performance evaluation policies and employee performance evaluation schedules for the Relevant Period concerning any Hertz Location Manager.

REQUEST FOR PRODUCTION NO. 13:

All documents, including but not limited to EEO-1 reports, which reflect the number of your employees at each of your locations, at all grade levels, including but not limited to senior and mid-level management, technicians, supervisors, professionals, executive officers, sales workers, maintenance workers, and service workers at any time during the Relevant Period.

REQUEST FOR PRODUCTION NO. 14:

All documents concerning any oral or written statements, allegations, charges, reports, complaints, objections, grievances or protests of whatever nature, formal or informal, at any time during the Relevant Period, concerning employee complaints regarding employment and/or subcontracting practices on the part of any officer, manager, employee, and other agent or representative of defendant, including any documents relating to the investigation and resolution of such complaints whether accomplished internally or through an administrative or judicial proceeding.

REQUEST FOR PRODUCTION NO. 15:

All grievances or any complaints concerning Hertz's exemption of Location Managers, failure to provide rest and meal breaks, or requirement that Location Managers work more than six days in seven without a day off, filed or otherwise voiced or expressed by any union or labor organization during the Relevant Period.

REQUEST FOR PRODUCTION NO. 16:

All documents furnished by Hertz to any state or local government entity concerning your practices or policies for compensating both hourly and salaried employees (excluding individual employees' income tax documents), overtime compensation for hourly employees, or meal or rest breaks for all employees.

REQUEST FOR PRODUCTION NO. 17:

All documents furnished by Hertz to any state or local government entity concerning your practices or policies for classifying Location Managers as Exempt pursuant to the Management Exemption.

REQUEST FOR PRODUCTION NO. 18:

All documents recording rest and meal breaks for your employees for each of your California locations during the Relevant Period.

REQUEST FOR PRODUCTION NO. 19:

All documents concerning Robert Higareda and his employment with Hertz, including but not limited to, his earnings history and personnel file.

REQUEST FOR PRODUCTION NO. 20:

All documents produced by you in any litigation or investigation during the Relevant Period in which you are a named party (with the exception of the Pending Litigation and the New York Litigation) concerning meal or rest breaks for your employees.

REQUEST FOR PRODUCTION NO. 21:

All documents produced by you in any litigation or investigation during the Relevant Period in which you are a named party (with the exception of the Pending Litigation and the New

1  York Litigation) concerning the classification of Location Managers pursuant to the Management

2  Exemption.

3  REQUEST FOR PRODUCTION NO. 22:

4

5       All documents produced by you in any litigation or investigation during the Relevant

6  Period, in which you are a named party (with the exception of the Pending Litigation and the New

7  York Litigation) concerning requirements that Location Managers work more than six days in

8  seven.

9  REQUEST FOR PRODUCTION NO. 23:

10

11      All minutes of meetings of the Hertz Board of Director and any committee thereof,

12  concerning labor costs, the classification of Location Managers as Exempt, meal breaks and rest

13  breaks during the Relevant Period.

14  REQUEST FOR PRODUCTION NO. 24:

15

16      All documents concerning the hours worked by each Hertz employee, on a daily basis, at

17  your California locations for each day during the relevant period.

18  REQUEST FOR PRODUCTION NO. 25:

19      All documents concerning your document retention policy.

20  REQUEST FOR PRODUCTION NO. 26:

21

22      All documents concerning anything that was destroyed and/or altered in your computer

23  systems and/or databases during the Relevant Period.

24  REQUEST FOR PRODUCTION NO. 27:

25      All documents concerning all communications including, but not limited to memo and e-

26  mail, between regional and/or district managers and city managers at all your California locations

27

28

1  concerning the job responsibilities of Location Managers, Senior Station Managers, Station

2  Managers, B-Managers, and Branch Managers

3  REQUEST FOR PRODUCTION NO. 33:

4

5  All documents concerning all communications including, but not limited to memos and e-

6  mails, between regional and/or district managers and city managers at all your California

7  locations concerning the tasks actually performed by Location Managers, Senior Station

8  Managers, Station Managers, B Managers and Branch Managers.

9  REQUEST FOR PRODUCTION NO. 34:

10

11  All documents concerning all communications including, but not limited to memos and e-

12  mails, between regional and/or district manager and the city manager at all your California

13  locations concerning the tasks to be performed by Location Managers, Senior Station Managers,

14  Station Managers, B Managers and Branch Managers.

15  Dated: January 28, 2008

16

17                     KEMNITZER, ANDERSON, BARRON,
                       OGILVIE & BREWER LLP

18

19                     Andrew J. Ogilvie (State Bar No. 57932)

20                     ajogil@kabolaw.com
                       445 Bush Street, Sixth Floor
21                     San Francisco, California 94108
                       Tel: 415/861-2265
22                     Fax: 415/861-3151

23
                       Stephen T. Rodd *pro hac vice*
24                     srodd@abbeyspanier.com
                       Stephanie Amin-Giwner *pro hac vice*
25                     samin@abbeyspanier.com
                       Orin Kurtz *pro hac vice*
26                     okurtz@abbeyspanier.com
                       ABBEY SPANIER RODD & ABRAMS, LLP
27                     212 East 39th Street
                       New York, New York 10016
28

1    Telephone:  (212) 889-3700
2    Facsimile:   (212) 684-5191

3    Robert J. Stein III (State Bar No. 212495), *of Counsel*
     DIVINCENZO SCHOENFIELD SWARTZMAN
4    33 N. LaSalle Street, 29th Floor
     Chicago, IL 60602
5    Telephone: (312) 943-8068
     Facsimile: (312) 577-0964
6    rob@steinlaw.us
7    Counsel for Plaintiff and the Class

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

**PROOF OF SERVICE**
*Higareda v. The Hertz Corporation*
United States District Court for the Northern District of California
Case No. C-07-5268 HRL

4

5

6

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City and County of San Francisco, State of California; my business address is Kemnitzer, Anderson, Barron Ogilvie & Brewer LLP, 445 Bush Street, Sixth Floor, San Francisco, California 94108.

7

On the date listed below, I served a copy of the following document(s):

8

9

**PLAINTIFF ROBERT HIGAREDA'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT THE HERTZ CORPORATION**

10

on all interested parties in said case as follows:

11

12

☒   **(BY MAIL)**   I mailed the above-noted document to the person(s) indicated below by depositing an envelope containing said document(s) with proper postage and addressed as follows:

13

14

15

Frank B. Schuster
Constangy, Brooks & Smith
230 Peachtree St, N.W., Ste 2400
Atlanta, Georgia 30303-1557

16

17

☒   **(BY MESSENGER)** I caused the above-noted document to be delivered by messenger to the person(s) indicated below:

18

19

20

Robert A. Dolinko, Esq.
Thelen Reid Brown Raysman & Steiner LLP
101 Second Street, Suite 1800
San Francisco, CA 94105

21

22

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 28, 2008, at San Francisco, California.

23

24

25

_____
Andrew J. Ogilvie

26

27

28